Thomas A. Matthews
Kenneth G. Schoolcraft, Jr.
Matthews & Zahare, P.C.
431 W. 7th Ave., Suite 207
Anchorage, Alaska  99501
Phone:       (907)276-1516
Fax:           (907)276-8955
tom.matthews@matthewszahare.com

Counsel  for Coeur D'Alene Mines Corporation
   And Coeur Alaska, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| CHELSEA WALKER FINK on behalf of JOSEPH KOLLANDER, a Minor Child; And THOMAS J. KOLLANDER, JR., <br><br>       Plaintiffs,<br>  vs.<br><br>ECHO BAY EXPLORATION, INC.; COEUR D' ALENE MINES CORPORATION; and COEUR ALASKA INC.,<br><br>       Defendants.<br>COEUR ALASKA, INC.,<br><br>       Third-Party Plaintiff,<br>  vs.<br><br>CENTENNIAL DEVELOPMENT COMPANY,<br><br>       Third-Party Defendant. | Case No.  J05-0010 Civil<br><br><br><br><br><br><br><br><br><br>**SCHEDULING AND PLANNING CONFERENCE REPORT** |

    1. **Meeting**. In accordance with Fed. R. Civ. P. 26(f), a meeting was held on June 6, 2006 and was attended by:

**Mark Choate attorney for Plaintiffs**
**Cynthia Ducey attorney for Echo Bay Exploration**
**Thomas A. Matthews attorney for Coeur d'Alene Mines Corp; Coeur Alaska, Inc.**
**Michael Corey attorney for Centennial Development Company**

The parties recommend the following:

2. **Pre-Discovery Disclosures**. The information required by Fed. R. Civ. P. 26(a)(1):

☐ have been exchanged by the parties

■ will be exchanged by the parties by **July 17, 2006.**

Proposed changes to disclosure requirements:

Preliminary witness lists

☐ have been exchanged by the parties

■ will be exchanged by the parties by **August 31, 2006.**

3. **Contested Issues of Fact and Law**. Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

**a. whether Defendants owed a duty to Plaintiffs or their decedent;**

**b. whether Defendants breached any duty to Plaintiffs or their decedent;**

**c. whether any breach by Defendants of any duty to Plaintiffs or their decedents legally caused Plaintiff's damages;**

**d. whether Echo Bay's or Centennial's violation of any statute or regulation   constitutes negligence** *per se*;

**e. whether Defendant's retained sufficient control over the decedent's work place to establish liability;**

**f. the amount, if any, of Plaintiff's damages;**

**g. whether any negligence of Plaintiffs' decedent legally caused his death;**

Scheduling and Planning Conference Report
*Fink, Kollander et al vs. Echo Bay Exploration, et al.*
KGS:sk:jlw\453-249\Sched-Plan-Rpt.doc                                                                          2 of 7

      h.  whether any negligence of Defendants legally caused harm to Plaintiffs;

      i.  statute of limitations;

      j.  whether Plaintiffs' decedent's death was legally caused by his employer;

      k.  apportionment of fault;

      l. constitutional limits on punitive damages;

      m. factual and legal issues raised by Defendants' affirmative defenses;

      n.  whether Centennial breached its construction agreement; and

      o.  whether Centennial is obligated to indemnify any Defendant.

4. **Discovery Plan**. The parties jointly propose to the court the following discovery plan.

    A. Discovery will be needed on the following issues:

        1. liability of Defendants (duty, breach, causation);

        2. negligence *per se* of Echo Bay;

        3. whether Defendants are liable on the basis of retained control;

        4. Plaintiffs' damages;

        5. Defendants' affirmative defenses;

        6. liability of Centennial Development on theories alleged in Third-Party Complaint (breach of contract and indemnification).

        7. Centennial's affirmative defenses.

    B. All discovery commenced in time to be completed by: **September 7, 2007.**

("discovery close date").

    C. Limitations on Discovery.

        1. Interrogatories

          ■ No change from FED. R. CIV. P. 33(a)

Scheduling and Planning Conference Report
*Fink, Kollander et al vs. Echo Bay Exploration, et al.*
KGS:sk:jlw\453-249\Sched-Plan-Rpt.doc   3 of 7

☐ Maximum of _____ by each party to any other party.

Responses due in _____ days.

2. Requests for Admissions.

■ No change from FED. R. CIV. P. 36(a).

☐ Maximum of _____ requests.

Responses due in _____ days.

3. Depositions.

■ No change from FED. R. CIV. P. 36(a), (d).

☐ Maximum of ____ depositions by each party.

☐ Depositions not to exceed ____ hours unless agreed to by all parties.

D. Reports from retained experts.

☐ Not later than 90 days before the close of discovery subject to FED. R. CIV. P. 26(a)(2)(C).

■ Reports due:

From plaintiff: 120 days before close of discovery.  From defendants and third-party defendants: 90 days before discovery closes.

E. Supplementation of disclosures and discovery responses are to be made:

■ Periodically at 60-day intervals from the entry of scheduling and planning order.

☐ As new information is acquired, but not later than 60 days before the close of discovery.

F. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

■ 45 days prior to the close of discovery.

☐ Not later than _____

5. **Pretrial Motions**.

■ No change from D.AK. LR 16.1(c).

Scheduling and Planning Conference Report
*Fink, Kollander et al vs. Echo Bay Exploration, et al.*
KGS:sk:jlw\453-249\Sched-Plan-Rpt.doc                                                  4 of 7

☐ The following changes to D.AK. LR 16.1(c). [Check and complete all that apply]

☐ Motions to amend pleadings or add parties to be filed not later than ____.

☐ Motions under the discovery rules must be filed not later than .

☐ Motions in limine and dispositive motions must be filed not later than

6. **Other Provisions**:

    A.  ■ The parties do not request a conference with the court before the entry of the scheduling order.

    ☐ The parties request a scheduling conference with the court on the following issue(s):


    B. Alternative Dispute Resolution. [D.AK. LR 16.2]

    ☐ This matter is not considered a candidate for court-annexed alternative dispute resolution.

    ■ The parties will file a request for alternative dispute resolution not later than **December 1, 2006.**

        ■ Mediation     ☐ Early Neutral Evaluation

    C. The parties ☐ do  ■ not consent to trial before a magistrate judge.

    D. Compliance with the Disclosure Requirements of FED. R. CIV. P. 7.1

        ■ All parties have complied

        ☐ Compliance not required by any party

7. **Trial**.

    A. The matter will be ready for trial:

        ■ 45 days after the discovery close date.

        ☐ not later than .

    B. This matter is expected to take 10 days to try.

    C. Jury Demanded ■ Yes     ☐ No

        Right to jury trial disputed?  ☐ Yes     ■ No

Scheduling and Planning Conference Report
*Fink, Kollander et al vs. Echo Bay Exploration, et al.*
KGS:sk:jlw\453-249\Sched-Plan-Rpt.doc                                         5 of 7

DATED this 6th day of June, 2006 at Anchorage, Alaska.

                          CHOATE LAW FIRM, LLC
                          Counsel for Plaintiff

Dated _____    By s/Mark Clayton Choate (consent)_____
                          Mark Clayton Choate, ABA 8011070
                          Choate Law Firm LLC
                          424 N. Franklin Street
                          Juneau, AK 99801
                          Phone: (907) 586-4490
                          Fax: (907) 586-6633
                          Email:

                          DELANEY WILES HAYES GERETY ELLIS
                             & YOUNG, INC.
                          Counsel for Defendant Echo Bay Exploration

Dated _____    By s/Cynthia L. Ducey (consent)_____
                          Cynthia L. Ducey, ABA 8310161
                          Delaney Wiles Hayes Gerety Ellis
                             & Young, Inc.
                          1007 W. 3rd Ave., Suite 400
                          Anchorage, AK 99501
                          Phone:  (907) 279-3581
                          Fax (907) 277-1331

                          MATTHEWS & ZAHARE, P.C.
                          Counsel for Defendants Coeur D' Alene Mines Corp.,
                          and Coeur Alaska, Inc.

Dated _____    By _s/ Thomas A. Matthews _____
                          Thomas A. Matthews, ABN:  8511179
                          Matthews & Zahare, P.C.
                          431 W. 7th Ave., Suite 207
                          Anchorage, Alaska  99501
                          Phone: (907)276-1516
                          Fax: (907)276-8955
                          tom.matthews@matthewszahare.com

Scheduling and Planning Conference Report
*Fink, Kollander et al vs. Echo Bay Exploration, et al.*
KGS:sk:jlw\453-249\Sched-Plan-Rpt.doc                                                             6 of 7

SANDBERG, WUESTENFELD & COREY
Counsel for Third-Party Defendant Centennial

Dated _____        By:  s/Michael D. Corey (consent)_____
                                 Michael D. Corey. ABA 8511130
                                 Sandberg. Wuestenfeld & Corey
                                 701 W. 8th Ave., Suite 1100
                                 Anchorage, AK 99501
                                 Phone:  (907) 276-6363
                                 Fax:  (907) 276-3528
                                 Email:

CERTIFICATE OF SERVICE
I certify that on this 6th day of June 2006
I sent via electronic mailing the foregoing to:

Mark Clayton Choate, Esq.
Choate Law Firm LLC
424 N. Franklin Street
Juneau, AK 99801
Counsel for Plaintiff

Cynthia L. Ducey, Esq.
Delaney Wiles
1007 W. 3rd Ave., Suite 400
Anchorage, AK 99501
Counsel for Defendant Echo Bay Exploration

Michael D. Corey, Esq.
Sandberg. Wuestenfeld & Corey
701 W. 8th Ave., Suite 1100
Anchorage, AK 99501
Counsel for Third-Party Def. Centennial Development

s/Thomas A. Matthews_____

Scheduling and Planning Conference Report
*Fink, Kollander et al vs. Echo Bay Exploration, et al.*
KGS:sk:jlw\453-249\Sched-Plan-Rpt.doc                                7 of 7