Cynthia L. Ducey
DELANEY WILES, INC.
1007 West Third Avenue, Suite 400
Anchorage, Alaska  99501
(907) 279-3581
(907) 277-1331
cld@delaneywiles.com
Attorneys for Defendant
  Echo Bay Exploration, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| CHELSEA WALKER FINK on behalf of JOSEPH KOLLANDER, a Minor Child; and THOMAS J. KOLLANDER, JR., </br></br>              Plaintiffs,</br></br>  v.</br></br>ECHO BAY EXPLORATION, INC.; COEUR D'ALENE MINES CORPORATION; and COEUR ALASKA, INC., </br></br>              Defendants.</br></br>COEUR ALASKA, INC.; ECHO BAY EXPLORATION, INC.,</br></br>              Third-Party Plaintiffs</br></br>  v.</br></br>CENTENNIAL DEVELOPMENT COMPANY,</br></br>              Third-Party Defendant. | Case No. l:05-cv-0010 (RRB) |

**AMENDED ANSWER AND CROSS-CLAIMS
AGAINST CENTENNIAL DEVELOPMENT**

Echo Bay Exploration, Inc. ("Echo Bay"), by and through its attorneys, Delaney, Wiles, Inc., hereby amends its Answer to plaintiff's Complaint, and cross-claims against Centennial Development Company, as follows:

1. Echo Bay admits, on information and belief, the allegations contained in the first sentence of paragraph 1. Echo Bay lacks information sufficient to form a belief as to the truth of falsity of the remaining allegations contained in paragraph 1, and therefore denies the same.

2. Echo Bay denies the allegations contained in paragraph 2 and affirmatively alleges that it was in 1990, and remains today, a Delaware corporation that ceased to transact business in Alaska as of February 23, 1998.

3. Echo Bay lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 3, and therefore denies the same.

4. Echo Bay denies the allegations contained in paragraph 4.

5. To the extent that the allegations contained in paragraph 5 are directed at Echo Bay, Echo Bay admits that, on February 2, 1990, it was a "Participant" (as defined in the agreement described below) of, the Kensington Venture established pursuant to that certain Venture Agreement between Coeur Alaska Inc. and Echo Bay, dated August 5, 1987 ("Venture Agreement"), But Echo Bay denies the remaining allegations contained in paragraph 5.

6. On information and belief, Echo Bay admits the allegations contained in paragraph 6.

7. Echo Bay admits that the Kensington Venture was a business venture established pursuant to the Venture Agreement for the purpose of exploring and developing the mining properties described in Exhibit A to the Venture Agreement. Echo Bay also admits that Centennial Development Company was the primary contractor retained by Echo Bay, acting in its

capacity as Operator of the Kensington Venture, in connection with the operations that were being conducted on said mining properties in February 1990. Echo Bay lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7, and therefore denies the same.

8. Echo Bay lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 8, and therefore denies the same.

9. On information and belief, Echo Bay admits the allegations contained in the first sentence of paragraph 9. To the extent that the remaining allegations are directed at Echo Bay, the allegations are denied. To the extent those allegations are directed at Centennial Development Company, Echo Bay lacks information sufficient to form a belief as to the truth or falsity of those allegations.

10. Echo Bay lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10, and therefore denies the same.

11. Echo Bay admits the allegations contained in paragraph 11.

### First Cause of Action
### (Wrongful Death/ Loss of Consortium)

12. Echo Bay realleges and incorporates by reference its responses to paragraphs 1 through 11 as though fully set forth herein.

13. Echo Bay lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 but agrees with the implied statement that plaintiffs' decedent negligently failed to secure himself with an appropriate security device to available "steel lifelines and hooks."

14. Echo Bay lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14.

15. Echo Bay lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15, except that Echo Bay admits that the decedent's body was found the next day at the bottom of the raise.

16. To the extent that the allegations contained in paragraph 16 are directed at Echo Bay, those allegations are denied.

17. To the extent that the allegations contained in paragraph 17 are directed at Echo Bay, those allegations are denied.

18. To the extent that the allegations contained in paragraph 18 are directed at Echo Bay, those allegations are denied.

19. To the extent that the allegations contained in paragraph 19 are directed at Echo Bay, those allegations are denied.

### Second Cause of Action
### (Negligence Per Se)

20. Echo Bay realleges and incorporates by reference its responses to paragraphs 1 through 19 as though fully set forth herein.

21. Echo Bay denies the allegations contained in paragraph 21.

22. Echo Bay admits the allegations contained in paragraph 22.

23. To the extent that the allegations contained in paragraph 23 are directed at Echo Bay, those allegations are denied.

### Third Cause of Action
### (Retained Control)

24. Echo Bay realleges and incorporates by reference its responses to paragraphs 1 through 23 as though fully set forth herein.

25. Echo Bay admits the allegations contained in paragraph 25.

26.   In response to the allegations contained in paragraph 26, Echo Bay denies that AS 09.27.080 requires that damages be apportioned among the at-fault parties, but Echo Bay admits that AS 09.17.080 requires that damages be apportioned among all at-fault persons including, in this case, Centennial Development Company and plaintiffs' decedent.

27.   The allegations contained in the first sentence of paragraph 27 are vague and ambiguous and Echo Bay does not know what plaintiffs intend by the words "certain aspects of the work." Consequently, those allegations are denied. Echo Bay denies the allegations contained in the second sentence of paragraph 27.

28.   Echo Bay lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 regarding the alleged statements or actions of Mr. Sparks or Echo Bay, and therefore denies the same. In addition, Echo Bay denies that any of the alleged statements by Mr. Sparks, if made, support plaintiffs' allegations of "retained control."

29.   Echo Bay denies the allegations contained in paragraph 29.

**Fourth Cause of Action**
**(Dismissed)**

30.   Echo Bay realleges and incorporates by reference its responses to paragraphs 1 through 29 as though fully set forth herein.

31.   Echo Bay denies the allegations contained in paragraph 31.

32.   Echo Bay denies the allegations contained in paragraph 32.

**Affirmative Defenses**

1.   One or more of the four causes of action fail to state a claim upon which relief may be granted as against Echo Bay.

2. Plaintiffs' damages were caused, in whole or in part, by the negligence and/or negligence per se of plaintiffs' decedent, Thomas J. Kollander, Sr., such that fault must be allocated to Thomas J. Kollander, Sr. pursuant to AS 09.17.080.

3. Plaintiffs' damages were caused, in whole or in part, by the negligence and/or negligence per se of Centennial Development Company, such that the fault must be allocated to Centennial Development Company, pursuant to AS 09.178.080.

4. Plaintiffs' damages were caused, in whole or in part, by the negligence and/or negligence per se of third parties over whom Echo Bay had no control, such that fault must be allocated to Centennial Development Company, pursuant to AS 09.17.080.

5. Plaintiffs' claims are limited by, and subject to, the provisions of AS 09.17.010, AS 09.17.020, AS 09.17.040, and AS 09.55.580.

6. Plaintiffs' claims are barred by the applicable statute of limitations.

7. Plaintiffs' claims are barred by the doctrine of laches.

8. Plaintiffs are not entitled to recover punitive damages against Echo Bay, since Echo Bay had no complicity in the alleged reckless acts of Centennial Development Company. *See* AS 09.17.020(k).

9. In the event the Court decides plaintiffs' claim for punitive damages or exemplary damages may proceed to trial, said claim is limited by AS 09.17.020, including the procedure which requires a separate proceeding before the same fact finder to determine the amount of punitive damages in the event that the fact finder determines that punitive damages shall be allowed.

10. The imposition of punitive damages constitutes a denial of due process and equal protection of the laws in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and art. I, §§ 1 and 7 of the Alaska Constitution.

11. The imposition of punitive damages violates rights guaranteed under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution by, among other things, not limiting the discretion of the trier of fact as to the amount of punitive damages which may be awarded.

12. The imposition of punitive damages is impermissibly vague, imprecise and inconsistent and therefore in violation of answering defendants' rights guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution, and art. I, §§ 1 and 7 of the Alaska Constitution.

13. To the extent plaintiffs have received any compensation for the same injuries and/or damages asserted in the Complaint from collateral sources that do not have a right of subrogation by law or contract, Echo Bay is entitled to introduce evidence of said collateral benefits pursuant to the provisions of AS 09.17.070.

14. To the extent that plaintiffs have received any compensation for the same injuries asserted in their Complaint from collateral sources that do not have a right of subrogation by law or contract and which have instructed plaintiffs not to pursue subrogation for them, although evidence of the expenses may be presented to the trier of fact as evidence bearing on the severity of plaintiffs' injuries and/or damages, evidence of such expenses must be deducted from any recovery plaintiffs receive.

15. Plaintiffs' claims are barred by the statute of repose, AS 09.10.055.

16. Echo Bay reserves the right to assert additional affirmative defenses during the remaining course of discovery.

## CROSS-CLAIMS OF ECHO BAY AGAINST
## CENTENNIAL DEVELOPMENT COMPANY

1. Echo Bay is a Delaware Corporation.

2. Centennial Development Company was, at all relevant times, a Utah Corporation doing business in the State of Alaska.

3. Centennial Development Company entered into a May 15, 1989 Construction Agreement with Echo Bay Exploration, Inc. as agent for Echo Bay Exploration, Inc. and Coeur Alaska, Inc.

4. Pursuant to the Construction Agreement, Centennial Development Company was responsible for safety, and agreed to comply with all laws, regulations and codes concerning safety.

5. Pursuant to the Construction Agreement, Centennial Develoment Company agreed to conduct all operations in strict compliance with mining laws and regulations.

6. Pursuant to the Construction Agreement, Centennial Development Company agreed to indemnify and save harmless Echo Bay Exploration and others from claims that arise from Centennial Development Company's performance of the Construction Agreement.

7. On or about July 11, 2005, plaintiffs, in a lawsuit entitled *Chelsea Walker Fink et al. v. Echo Bay Exploration, Inc. et al.*, Case No. J05-0010 CV, in the United States District Court for the District of Alaska, filed a Complaint and a Demand for Jury, alleging, among other things, that Thomas Joseph Kollander, Sr. was fatally injured in an industrial mine accident which occurred on February 2, 1990 and that Kollander was an employee of Centennial Development Company. Plaintiffs further allege that Kollander was killed at the Kensington Venture Site.

## I. BREACH OF CONTRACT

8. Echo Bay realleges and incorporates by reference its allegations in paragraphs 1 through 7 as though fully set forth herein.

9. As set forth above, Centennial Development Company breached its contractual obligations as stated in the Construction Agreement.

10. Echo Bay has been damaged by Centennial Development Company's breaches of the Construction Agreement.

## II. CONTRACTUAL INDEMNITY

11. Echo Bay realleges and incorporates by reference its allegations in paragraphs 1 through 10 as though fully set forth herein.

12. Centennial Development Company has an obligation to indemnify and save harmless Echo Bay Exploration from claims asserted by plaintiffs in their Complaint, filed in Case No. J05-0010 CV.

13. Echo Bay has tendered to Centennial Development Company its defense of the claims asserted by plaintiffs in Case No. J05-0010 CV. Centennial Development Company has not agreed to accept Echo Bay's tender.

14. Echo Bay has been damaged by Centennial Development Company's refusal to defend, indemnify and save harmless Echo Bay and others.

## III. ALLOCATION OF FAULT

15. Echo Bay realleges and incorporates by reference its allegations in paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiffs' decedent was killed in an industrial mining accident while employed by Centennial Development Company at the Kensington Venture.

17.   Centennial Development Company was the primary construction contractor for the Kensington Venture.

18.   Centennial Development Company, through its agents and employees, was negligent in the performance of its duties at Kensington Venture. Upon information and belief, the negligence of Centennial Development Company is the sole cause of the death of plaintiffs' decedent.

19.   Pursuant to AS 09.17.080, fault must be allocated to Centennial Development Company.

WHEREFORE, having answered plaintiffs' Complaint, Echo Bay prays for the following relief:

A.   That plaintiffs recover nothing as against Echo Bay and that their Complaint be dismissed in its entirety with prejudice;

B.   That in the event plaintiffs recover any damages against Echo Bay, those damages by reduced by the percentage of fault attributed to plaintiffs' decedent or to any other at-fault persons or parties pursuant to AS 09.17.080;

C.   That Echo Bay be awarded judgment in its favor and against plaintiffs, including the full amount of Echo Bay's costs and attorney's fees, with interest, incurred in the defense of plaintiffs' action;

D.   That Echo Bay be awarded judgment in its favor and against Centennial Development Company, including the full amount of Echo Bay's costs and attorney's fees, with interest, incurred in the defense of plaintiffs' action; and

E.   That Echo Bay recover such additional relief as this Court deems proper.

           DELANEY WILES, INC.
*Attorneys for Echo Bay Exploration, Inc.*

Dated: 8-25-06       _s/Cynthia L. Ducey_____
                           Cynthia L. Ducey, #8310161
                           Delaney Wiles, Inc.
                           1007 West 3rd Avenue, Suite 400
                           Anchorage, Alaska 99501
                           (907) 279-3581
                           (907) 277-1331
                           cld@delaneywiles.com

Certificate of Service

This is to certify that a true
and correct copy of the foregoing
was served electrically upon:

Mark Clayton Choate, Esq.

Michael D. Corey

Thomas A. Matthews


_Cynthia L. Ducey_____
119171