Cynthia L. Ducey
DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
1007 West Third Avenue, Suite 400
Anchorage, Alaska  99501
(907) 279-3581
(907) 277-1331
cld@delaneywiles.com
Attorneys for Defendant
 Echo Bay Exploration, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| CHELSEA WALKER FINK on behalf of JOSEPH KOLLANDER, a Minor Child; and THOMAS J. KOLLANDER, JR., <br><br> Plaintiffs, <br><br> v. <br><br> ECHO BAY EXPLORATION, INC.; COEUR D'ALENE MINES CORPORATION; and COEUR ALASKA, INC., <br><br> Defendants. | Case No. l:05-cv-0010 (RRB) |
| COEUR ALASKA, INC.; ECHO BAY EXPLORATION, INC., e <br> Third-Party Plaintiffs <br><br> v. <br><br> CENTENNIAL DEVELOPMENT COMPANY, <br><br> Third-Party Defendant. | |

Memorandum in Support of Echo Bay's Motion to Amend and Assert Cross-Claims Against Centennial
*Fink v. Echo Bay, et. al.*, Case No. 1:05-vc-0010 (RRB)                                                     Page 1 of 6

### MEMORANDUM IN SUPPORT OF MOTION TO AMEND ANSWER AND TO ASSERT CROSS-CLAIMS AGAINST CENTENNIAL DEVELOPMENT COMPANY

Echo Bay Exploration, Inc. ("Echo Bay") seeks to amend its answer to the Complaint and to assert cross-claims against third-party defendant Centennial Development Company ("Centennial"). The Court should grant Echo Bay's motion because justice requires allowing Echo Bay to amend in order to assert its valid claims against Centennial. Considering the first of the four factors considered by federal appellate courts, Echo Bay has shown neither bad faith nor undue delay in seeking to amend its answer. Third, there is no undue prejudice likely to result to any of the parties by granting the motion because the litigation is in its infancy. Finally, allowing Echo Bay to amend its answer will not be futile because doing so is necessary to allow Echo Bay to protect its rights in this lawsuit.

### ARGUMENT

The Court should grant Echo Bay's motion to amend its answer and to assert cross-claims against Centennial because there is no prejudice likely to lead from granting the motion and because to deny the motion would unfairly prejudice Echo Bay. Under Federal Rule of Civil Procedure 15(a), after the initial period when amendment is allowed "as a matter of course," a party wishing to amend must obtain court approval.[1] Rule 15(a) further instructs: leave shall be freely given when justice so requires." This rule "encourages the court to look favorably on requests to amend…. This proposition has been reinforced by innumerable judicial pronouncements by the federal appellate and district courts alike." 6 Charles Alan Wright, Arthur

---

[1] Federal Rule of Civil Procedure provides, in part:
> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires….

R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1484 (2d ed. 1990) (citations omitted). "If no prejudice [to the rights of other parties] is found, then leave will normally be granted." *Id*. The Ninth Circuit Court of Appeals has stated:

> This court has noted "on several occasions … that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires.' " Thus "[r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.' " This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties. It is, however, subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility. <u>Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.</u> These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend.
>
> *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (ruling the district court had abused its discretion in denying motion to file fourth amended complaint adding another defendant).

Here, the Court should grant the motion to amend because the above four factors weigh in favor of granting the motion. Regarding the first two factors, Echo Bay has shown neither bad faith nor undue delay in seeking to amend its answer. Since the undersigned substituted as counsel for Echo Bay, she has diligently sought to investigate the facts underlying plaintiffs' claims. This is a wrongful death action in which plaintiffs have alleged Echo Bay and Coeur Alaska were negligent, and that such negligence attributed to the death of Thomas J. Kollander, Sr. *See* Complaint at ¶1. Plaintiffs have also alleged Mr. Kollander died while working for Centennial Development Company ("Centennial"), which was performing work on a mine at the Kensington Venture Site, located near Juneau, Alaska. *See* Complaint at ¶6. The Kensington Venture Site was owned by both Echo Bay and Coeur Alaska, Inc. Centennial's work included

construction of an underground raise, ramp and drifts, together with necessary ancillary facilities, including supply of all supervision and labor. Echo Bay, as agent for Echo Bay and Coeur Alaska, Inc., entered into a Construction Agreement with Centennial. Pursuant to the Construction Agreement, Centennial agreed to indemnify and hold harmless Echo Bay Exploration, Inc. for all claims arising from the work performed by Centennial. *See* Exhibit A, Construction Agreement, May 15, 1989, at 2-9 – 2-10. Echo Bay has tendered defense of the lawsuit to Centennial, but Centennial has not accepted Echo Bay's tender.

The Complaint in this lawsuit was filed on July 11, 2005. Undersigned counsel substituted as counsel for Echo Bay on October 31, 2005. Coeur Alaska, Inc., joint owner of the Kensington Venture Site and a party to the Construction Agreement, filed a third-party Complaint against Centennial, based on Centennial's duties, as stated in the aforementioned Construction Agreement. The Court issued its Scheduling and Planning Order on June 15, 2006. Docket No. 34 (Order). In that Order, the Court required the parties to submit motions to amend the pleadings or add other parties by July 14, 2006. *Id*. On July 13, 2006, Centennial submitted its unopposed motion for an extension of time for the deadline to amend pleadings and add other parties until August 28, 2006. Docket No. 35 (Unopposed Motion). The Court granted Centennial's motion, extending the deadline to amend pleadings and add other parties until August 28, 2006. Docket No. 36 (Minute Order).

Regarding the third factor, allowing Echo Bay to amend its answer will not prejudice the other parties to the lawsuit because the lawsuit is in its infancy. No discovery responses have been served, nor has trial been scheduled. For these reasons, at this early stage, no prejudice will result from granting this motion to amend. However, Echo Bay would suffer great prejudice if the

motion to amend were not granted, and if not allowed to assert its cross-claims against Centennial.

Finally, allowing Echo Bay to amend its answer is not futile because it will allow Echo Bay to assert meritorious claims against Centennial. However, if the Court were to deny the motion, it would prevent Echo Bay from asserting its valid rights for breach of contract and contractual indemnity against Centennial. Therefore, in light of the four factors relied on by the federal appellate courts to determine whether to grant leave to amend, this Court should grant Echo Bay's motion.

## CONCLUSION

In sum, the Court should grant Echo Bay's motion because justice requires allowing Echo Bay to amend in order to assert its valid claims against Centennial. Considering the first of the four factors considered by federal appellate courts, Echo Bay has shown neither bad faith nor undue delay in seeking to amend its answer. Third, there is no undue prejudice likely to result to any of the parties by granting the motion because the litigation is in its infancy. Finally, allowing Echo Bay to amend its answer will not be futile because doing so is necessary to allow Echo Bay to protect its rights in this lawsuit. For all these reasons, the Court should grant Echo Bay's motion to amend its answer and to assert cross-claims against Centennial.

DELANEY WILES, INC.
*Attorneys for Echo Bay Exploration, Inc.*

Dated:   8-25-06              _s/Cynthia L. Ducey_____
                              Cynthia L. Ducey, #8310161
                              Delaney Wiles, Inc.
                              1007 West 3rd Avenue, Suite 400
                              Anchorage, Alaska 99501
                              (907) 279-3581
                              (907) 277-1331
                              cld@delaneywiles.com

Certificate of Service

This is to certify that a true
and correct copy of the foregoing
was served electrically upon:

Mark Clayton Choate, Esq.

Michael D. Corey

Thomas A. Matthews


<u>Cynthja L. Ducey</u>
119179