Michael D. Corey
SANDBERG, WUESTENFELD & COREY
701 W. 8th Avenue, Suite 1100
Anchorage, AK  99501
Phone:  (907)276-6363
Fax:  (907)276-3528
mdc1@aol.com

Attorneys for Third-Party Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| CHELSEA WALKER FINK on behalf of ) <br> JOSEPH KOLLANDER, a Minor Child; ) <br> And THOMAS J. KOLLANDER, JR.,  ) <br> ) <br>        Plaintiffs,  ) <br> ) <br> vs.  ) <br> ) <br> ) <br> ECHO BAY EXPLORATION, INC.;  ) <br> COEUR D'ALENE MINES  ) <br> CORPORATION; and COEUR ALASKA,  ) <br> INC.  ) <br> ) <br> ) <br>       Defendants.  ) <br> _____) <br> COEUR ALASKA, INC.  ) <br> ) <br>    Third-Party Plaintiff,  ) <br> ) <br> vs.  ) <br> ) <br> CENTENNIAL DEVELOPMENT  ) <br> COMPANY.  ) <br> ) <br>    Third-Party Defendant.  ) <br> _____) | CASE NO. J05-0010 CV (RRB) |

AMENDED ANSWER TO THIRD-PARTY COMPLAINT AGAINST CENTENNIAL
DEVELOPMENT COMPANY

Centennial Development Company, by and through its counsel of

record, hereby amends its answer to third-party Plaintiff's Complaint pursuant to this Court's order granting leave to Amend Pleadings without motion on or before August 28, 2006 as follows:

1.  Denied for lack of information.

2.  Denied.

3.  Denied.

4.  Denied that paragraph 4 of third-party plaintiff's third-party complaint properly states any duty owed by anyone.

5.  Denied that paragraph 5 of third-party plaintiff's third-party complaint properly states any duty owed by anyone.

6.  Denied that paragraph 6 of third-party plaintiff's third-party complaint properly states any duty owed by anyone.

7.  Admitted that case number J-05-0010 Civil filed in US District Court for the District of Alaska alleging that Mr. Kollander was fatally injured in an industrial mine accident while in the course and scope of his employment with answering defendant. Any remainder of paragraph 7 is denied at this time.

8.  Third-party Defendant hereby re-alleges, and incorporates herein by reference its responses to paragraphs 1-7 of Third-party Plaintiffs' Complaint.

9.  Denied.

10.  Denied.

11.  Third-party Defendant hereby re-alleges, and incorporates herein by reference its responses to paragraphs 1-11 of Third-party Plaintiffs' Complaint.

12.    Denied.

13.    Admitted.

14.    Denied.

15.    Third-party Defendant hereby re-alleges, and incorporates herein by reference its responses to paragraphs 1-15 of Third-party Plaintiffs' Complaint.

16.    Admitted that Mr. Kollander was killed while in the course and scope of his employment with answering defendant.  Any remainder of paragraph 16 is denied at this time.

17.    Denied.

18.    Denied.

19.    Denied.

<u>AFFIRMATIVE DEFENSES</u>

Third-party Defendant reserves the right to forward affirmative defenses as may appear appropriate on the developing facts as follows:

1.    Third-party Plaintiff fails to state a claim upon which relief can be granted.

2.    Third-party Plaintiff's claims are barred by the appropriate statutes of limitations.

3.    Any recovery must be consistent with concepts of comparative negligence.

4.    Any entitlement to recovery possessed by Third-party Plaintiff should be prohibited in an amount commensurate with Third-party Plaintiff's own failure to mitigate damages.

5.    Third-party Plaintiff's claims are barred by Accord and Satisfaction.

6.    Third-party Plaintiff's claims are barred by waiver.

7.    Third-party Plaintiff's claims are barred by Estoppel.

8.    Any recovery from answering defendant is barred by exclusive remedy concepts attendant to workers compensation claims.

9. Third-party Plaintiff's claims are barred by Title 9 of the Alaska Statutes.

10. Third-party Plaintiff's claims are barred due to lack of jurisdiction.

11.    In addition to the foregoing, Third-party Defendant also reserves the right to assert affirmative defenses as may be factually appropriate as follows: affirmative defenses set forth in Rule 8(c), F.R.C.P. and Rule 12, including but not limited to: arbitration and award, assumption of risk, contributory negligence, duress, fraud, illegality, release, res judicata, collateral estoppel insufficiency of process and insufficiency of service of process.

12.    Plaintiffs' claims fail, and third-party defendant Centennial Development Company is entitled to judgment in its favor, as a result of Plaintiffs' failure to comply with the Alaska Statutes, including but not limited to AS 09.55.570-.580.

WHEREFORE, third-party defendant, respectfully requests this Court for relief as follows:

1.    That third-party plaintiff's complaint be dismissed in

its entirety, with prejudice;

    2.    For an award of costs and attorney fees for having had to defend this action; and,

    3.    For other and further relief as this Court deems just and equitable.

    Respectfully submitted this 28th day of August, 2006, at Anchorage, Alaska.

s/Michael D. Corey
SANDBERG, WUESTENFELD & COREY
ABA #8511130
701 W. 8th Avenue, Suite 1100
Anchorage, Alaska 99501
Phone:  (907) 276-6363
Fax:  (907)276-3528
E-Mail:  mdc1@aol.com
Attorneys    for    Third-Party
Defendant

Certificate of Service

I hereby certify that on this 28th day of
August, 2006 a copy of the foregoing
Amended Answer To Third-Party Complaint Against
Centennial Development Company
was served electronically on:

Thomas A. Matthews
Matthews & Zahare, P.C.
431 W. 7th Avenue, Suite 207
Anchorage, Alaska  99501

Mark Clayton Choate, Esq.
Choate Law Firm LLC
424 N. Franklin Street
Juneau, AK  99801

Cynthia L. Ducey, Esq.
Delaney Wiles
1007 W. 3rd Avenue, Suite 400
Anchorage, AK  99501

s/Michael D. Corey