Michael D. Corey
SANDBERG, WUESTENFELD & COREY
701 W. 8th Avenue, Suite 1100
Anchorage, AK  99501
Phone:  (907)276-6363
Fax:  (907)276-3528
mdc1@aol.com

Attorneys for Third-Party Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| CHELSEA WALKER FINK on behalf of JOSEPH KOLLANDER, a Minor Child; And THOMAS J. KOLLNADER, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> ECHO BAY EXPLORATION, INC.; COUER D'ALENE MINES CORPORATION; and COEUR ALASKA, INC. <br><br> Defendants. <br>_____<br>COUER ALASKA, INC. <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> CENTENNIAL DEVELOPMENT COMPANY. <br><br> Third-Party Defendant. <br>_____ | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>CASE NO. J05-0010 CV (RRB) |

CENTENNIAL DEVELOPMENT COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

On February 2, 1990, an accident at the Kinsington Mine took

the life of Thomas Kollander. On July 11, 2005, plaintiff Chelsea Walker Fink on behalf of Joseph Kollander, a minor child and Thomas J. Kollander, Jr. initiated this lawsuit seeking damages as a result of Thomas Kollander's death. (Exhibit A). In so doing, plaintiffs do not pursue relief in the form of a wrongful death action in keeping with AS 09.55.580. Plaintiffs' Complaint should therefore be dismissed.

AS 09.55.580. Action For Wrongful Death reads in its entirety as follows:

> (a) Except as provided under (f) of this section and AS 09.65.145, when the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had the person lived, against the latter for an injury done by the same act or omission. The action shall be commenced within two years after the death, and the damages therein shall be the damages the court or jury may consider fair and just. The amount recovered, if any, shall be exclusively for the benefit of the decedent's spouse and children when the decedent is survived by a spouse or children, or other dependents. When the decedent is survived by no spouse or children or other dependents, the amount recovered shall be administered as other personal property of the decedent but shall be limited to pecuniary loss. When the plaintiff prevails, the trial court shall determine the allowable costs and expenses of the action and may, in its discretion, require notice and hearing thereon. The amount recovered shall be distributed only after payment of all costs and expenses of suit and debts and expenses of administration.
>
> (b) The damages recoverable under this section shall be limited to those which are the natural and proximate consequence of the negligent or wrongful act or omission of another.
>
> (c) In fixing the amount of damages to be awarded under this section, the court or jury shall consider all the facts and circumstances and from them fix the award at a

sum which will fairly compensate for the injury resulting from the death. In determining the amount of the award, the court or jury shall consider but is not limited to the following:

(1) deprivation of the expectation of pecuniary benefits to the beneficiary or beneficiaries, without regard to age thereof, that would have resulted from the continued life of the deceased and without regard to probable accumulations or what the deceased may have saved during the lifetime of the deceased;

(2) loss of contributions for support;

(3) loss of assistance or services irrespective of age or relationship of decedent to the beneficiary or beneficiaries;

(4) loss of consortium;

(5) loss of prospective training and education;

(6) medical and funeral expenses.

(d) The death of a beneficiary or beneficiaries before judgment does not affect the amount of damages recoverable under this section.

(e) The right of action granted by this section is not abated by the death of a person named or to be named the defendant.

(f) A person whose act or omission constitutes the felonious killing of another person may not recover damages for the death of that person either directly or as a personal representative of that person's estate. In this subsection, a "felonious killing" means a crime defined by AS 11.41.100 - 11.41.140.

J05-0010 CV (RRB) is not being pursued by a person in the capacity of the Personal Representative of Thomas J. Kollander. The Complaint purports to seek various damages as the result of the death of Thomas J. Kollander. This suit does not conform with AS 09.55.580. As such, plaintiffs' Complaint fails to state a claim upon which relief may be granted and should therefore be dismissed.

Respectfully submitted this 13th day of December, 2006, at Anchorage, Alaska.

                                              s/Michael D. Corey
                                              SANDBERG, WUESTENFELD & COREY
                                              ABA #8511130
                                              701 W. 8th Avenue, Suite 1100
                                              Anchorage, Alaska 99501
                                              Phone: (907) 276-6363
                                              Fax: (907)276-3528
                                              E-Mail: mdc1@aol.com
                                              Attorneys for Defendant

I hereby certify that on this 13th day of December, 2006 a copy of the foregoing Centennial Development Company's Memorandum In Support Of Motion For Judgment On The Pleadings
was served electronically on:

Thomas A. Matthews
Matthews & Zahare, P.C.
431 W. 7th Avenue, Suite 207
Anchorage, Alaska  99501

Mark Clayton Choate, Esq.
Choate Law Firm LLC
424 N. Franklin Street
Juneau, AK  99801

Cynthia L. Ducey, Esq.
Delaney Wiles
1007 W. 3rd Avenue, Suite 400
Anchorage, AK  99501

s/Michael D. Corey