07/22/2005  13:54  2006650364          WILLIAM F. BOYD          PAGE 07

Mark Clayton Choate, Esq., AK #8011070
CHOATE LAW FIRM LLC
424 N. Franklin Street
Telephone: (907) 586-4490
Facsimile: (907) 586-6633
Email: lawyers@choatelawfirm.com

Attorneys for Plaintiffs

**FILED**

JUL 11 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy



COPY

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA AT JUNEAU

CHELSEA WALKER FINK on behalf of
JOSEPH KOLLANDER, a Minor Child;
and THOMAS J. KOLLANDER, Jr.,

        Plaintiffs,

vs.

ECHO BAY EXPLORATION, INC.;
COEUR D'ALENE MINES
CORPORATION; and COEUR ALASKA,
INC.

        Defendants.

) **COMPLAINT**
)
)
)
) **DEMAND FOR JURY**
)
)
) **J 05 - 0 0 1 0 CV**
)          CV
) Case No. J 05-

### COMPLAINT AND DEMAND FOR JURY

COME NOW the plaintiffs, CHELSEA WALKER-FINK on behalf of JOSEPH KOLLANDER, a minor child; and THOMAS J. KOLLANDER, JR., by and through their counsel, Mark Clayton Choate, and for causes of action against the defendant allege as follows:

### GENERAL ALLEGATIONS

1.    Thomas Joseph Kollander, Sr. ("decedent") was fatally injured in an industrial mine accident which occurred on February 2, 1990 at the Kensington Mine located in the First Judicial District. At that time, CHELSEA WALKER-FINK, also known as, CHELSEA KOLLANDER was the unmarried partner of the decedent and the mother of decedent's children: JOSEPH KOLLANDER, (DOB: 9-11-90) a minor child; and

COMPLAINT & DEMAND FOR JURY- 1
U.S. District Court for Alaska at Juneau, No.

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490   FAX: (907) 586-6633
email: lawyers@choatelawfirm.com

1   THOMAS J. KOLLANDER, JR. (DOB 7-17-86). At all times relevant herein Plaintiffs
2   were and are residents of the First Judicial District, residing in Juneau.  THOMAS
3   JOSEPH KOLLANDER, JR. and JOSEPH KOLLANDER were and are decedent's
    dependants.
4       2.    At all times relevant herein, Defendant ECHO BAY EXPLORATION, INC.
5   ("ECHO BAY") was and is a Canadian Corporation with its principal place of business in
6   Canada; and was operating in and doing business in the State of Alaska.
7       3.    At all times relevant herein, Defendant COEUR D'ALENE MINES
8   COROPORATION, was and is an Idaho Corporation; and was operating and doing
    business in the State of Alaska.
9       4.    At all times relevant herein, Defendant COUER ALASKA, INC. was and is an
10  Alaska Corporation.
11      5.    On information and belief, at all times relevant herein, DEFENDANTS, and each
12  of them, owned, operated, maintained, supervised, entrusted and otherwise controlled the
13  Kensington Venture premises and the activities occurring thereon.
14      6.    At the time of decedent's death, he was employed as an underground raise miner
15  by Centennial Development Company working at the Kensington Venture in the First
    Judicial District.
16      7.    The Kensington Venture, an underground gold mine, was located approximately
17  50 miles northwest of Juneau. The Kensington Venture was originally developed in 1894
18  and operated intermittently until 1938 when it was closed. ECHO BAY and COUER
19  D'ALENE MINES CORPORATION entered into a joint venture to develop the ore
20  bodies in January 1987. Centennial Development Company was the primary contractor
21  hired by ECHO BAY, and which began excavation to develop the mine to a production
    stage in March 1989.
22      8.    The Kensington Venture consisted of a large camp facility that supported two
23  development areas. The largest most active area was located on the 850 foot level and
24  was accessible from a road between the camp and portal. The numbers assigned to levels
25  at this mine referred to distances above sea level. The 2050 level was accessible by
26  helicopter when weather permitted. Because of the frequent inclement weather and the

LUXOTTE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-6400    FAX: (907) 586-6411
email: luxotte@corvatus.com

COMPLAINT & DEMAND FOR JURY-2
U.S. District Court for Alaska at Juneau, No.

need to gain access to the upper level on short notice, two crews stayed at a small camp close to the mine site.

9.       Development consisted of driving drifts and inclines, and opening diamond drill stations. On or about January, 29, 1990, a 1200-foot ventilation raise was driven on a 65-degree angle between the 850 and 2050 levels, thereby purposely and consciously creating a dangerous condition on the premises. The raise was open and the miners were not otherwise protected from this dangerous condition by any type of railing, fence or other barrier.

10.      Due to the natural ventilation of this mine, the 2050 level was shrouded in heavy fog. Visibility was reduced to being fair at 5 feet, but poor at 10 feet of distance. This condition of the premises was caused by the cold outside air being drawn into the 850 level. The cold air mixed with the warm mine air and was drawn up the air raise to the 2050 level.

11.      This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00.

### FIRST CAUSE OF ACTION
#### Wrongful Death/Loss of Consortium

12.      Plaintiffs re-allege paragraphs 1-11 above as if fully set forth herein.

13.      On the date of the subject accident, decedent reported to work at 7:30 a.m. His work crew consisted of leadman Jim Perryman, Kirk Ziegenfuss and decedent. The miners were assigned to take down a roof brow for a fan installation and build a wire mesh barrier around the top of the open raise. The work progressed without incident until approximately 4:00 p.m. at which time Ziegenfuss informed Perryman that he was feeling sick. Perryman told Zeigenfuss to go to the outside, start the air compressor and stay out there. Perryman and decedent were going to drill two short pop holes in the brow, blast and come out. Anchored in the west rib, near the two miners, were two Sala blocks with steel life lines and hooks. Neither man was tied to these safety devices.

14.      Perryman collared and drilled the first 18-inch hole in the brow. At that time, Perryman was about 8 feet from the edge of the open raise. Decedent was behind him at about the same distance from the raise. Perryman then repositioned the drill for the

COMPLAINT & DEMAND FOR JURY - 3
U.S. District Court for Alaska at Juneau, No.

08/03/2005   08:08PM

second hole. This position but him about 6 feet from the edge of the raise. Decodent was
standing behind Perryman and to his left, about 3 feet from the open raise.

15.    Perryman started drilling the second hole pop and noticed a flash of light out of
the corner of his eye. He thought decedent dropped his hard hat. Perryman shut off the
drill and looked to where decedent's light should have been. Perryman took a couple
steps toward where decedent should have been and saw the open raise and heard rocks
falling down the raise. He called for decedent but received no answer. The next morning
decedent's body was found on top of the waste muck at the bottom of the raise.

16.    At all times relevant herein, the defendants, and each of them, did so negligently
and carelessly own, operate, maintain, manage, control said premises so as to expose
decedent to a dangerous condition which proximately caused the hereinabove described
fatal injury and damages to plaintiffs' decedent.

17.    As a direct and legal result of the aforesaid negligence and carelessness of the
defendants, and each of them, and the death of Thomas Kollander, Sr. resulting
therefrom, plaintiffs were deprived of the care, comfort, society, companionship,
affection and support of decedent, all to their damage in an amount in excess of the
minimal jurisdictional limits of this honorable court.

18.    As a further direct and legal result of said negligence and carelessness of the
defendants, and each of them, and in the death of the decedent, plaintiffs have incurred
medical, funeral and burial expenses in an amount to be proven at time of trial.

19.    As a further direct and legal result of said negligence and carelessness of the
defendants, and each of them, plaintiffs have suffered loss of earnings, the exact amount
of said losses to be proven at the time of trial.

### SECOND CAUSE OF ACTION

#### Negligence Per Se

20.    Plaintiffs re-allege the allegations of paragraphs 1 through 19 as if fully set forth
herein.

21.    On information and belief, ECHO BAY, through its on-site employees: John
Babcock, Project Manager; Greg Sparks, Director of Development; and David

COMPLAINT & DEMAND FOR JURY-4
U.S. District Court for Alaska at Juneau, No.

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490   FAX (907) 586-4493
email: lawyrs@choatelaw.com

1   Riggleman, Project Engineer; supervised, inspected, managed, trained and otherwise
2   controlled all of the work occurring at the Kensington Venture by their contractor,
3   Centennial Development Company.
4
5   22.     Centennial Development Company was cited for violating MSHA Standard
6   57.11012 and 57.15005 which provide:
7
        30 CFR § 57.11012: Protection for openings around travelways.
8
9       Openings above, below, or near travelways through which persons or materials
        may fall shall be protected by railings, barriers, or covers. Where it is impractical
10      to install such protective devices, adequate warning signals shall be installed.
11
        30 CFR § 57.15005: Safety belts and lines.
12
        Safety belts and lines shall be worn when persons work where there is danger of
13      falling; a second person shall tend the lifeline when bins, tanks, or other
        dangerous areas are entered.
14
15  23.     As a direct and legal result of said negligence and carelessness of the defendants,
16  and each of them, and in the death of the decedent, plaintiffs sustained the damages as
17  alleged herein in an amount to be proven at the time of trial.
18
                            THIRD CAUSE OF ACTION
19
                               Retained Control
20
21  24.     Plaintiffs' re-allege the allegations in paragraphs 1-23 above as if fully set forth
22  herein.
23  25.     This court has jurisdiction over this cause of action as a diversity proceeding
24  pursuant to 28 U.S.C. § 1332. Alaska state law on apportionment is applicable to this
25  cause of action as a diversity proceeding.
26

CROARS LAW FIRM LLC
424 Mark Franklin Street
Juneau, Alaska 99801
(907) 586-4860  FAX: (907) 586-6633
email: boyo@lawyers.com

**COMPLAINT & DEMAND FOR JURY- 9**
U.S. District Court for Alaska at Juneau, No.

26.     A.S. 09.27.080 requires that damages be apportioned among all parties who are at fault for an accident.

27.     DEFENDANTS, and each of them, as owners of the Kensington Venture, retained control over certain aspects of the work being performed by Centennial Development Company.  Specifically, ECHO BAY retained and/or asserted control over the safety practices and operations conducted by Centennial Development Company at the Kensington Venture.

28.     On information and belief, on February 7, 1990, Greg Sparks, the Alaska Regional Director of Development for Echo Bay Mines sent a letter to Centennial Development, Salt Lake City Headquarters, ordering an immediate standdown to make safety inspections, review safety training and re-examine work practices.  Mr. Sparks is quoted saying: "Echo Bay's policy is to insist on safe operations not only by and for our own employees, but for our contractors' employees as well.  We are not complacent about safety and require the same from all contractors who do work for Echo Bay."

29.     ECHO BAY was negligent in the manner in which it exercised its retained control over the safety practices and operations of Centennial Development Company at the Kensington Venture.  This negligence by ECHO BAY was a proximate cause of decedent's fatal accident.  Pursuant to A.S. 09.17.080, fault must be apportioned to ECHO BAY for this accident.

## FOURTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

30.     Plaintiffs re-allege the allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

COMPLAINT & DEMAND FOR JURY- 6
U.S. District Court for Alaska at Juneau, No.

LaMONTE LAW FIRM LLC
414 Heath Franklin Street
Juneau, Alaska 99801
(907) 586-4460   FAX: (907) 586-4611
email: lamponte@lamonte.com

31.    At all times mentioned herein, DEFENDANTS, and each of them, negligently
subjected plaintiffs' decedent to conduct, conditions, acts and omissions as set forth
herein which caused plaintiffs to suffer severe physical discomfort, severe emotional
distress, humiliation and mental anguish.

32.    As a direct and legal result of the conduct, acts and omissions of defendants, and
each of them, as alleged herein, plaintiffs sustained severe emotional shock to their
nervous systems, all of which injuries have caused or will cause plaintiffs to incur
expenses for medical treatment and related matters, all to plaintiffs' general and specific
damages according to proof at time of trial.

WHEREFORE, plaintiffs pray for judgment against the defendants, and each of them,
as to each and every cause of action, as follows:

1.  Trial by jury;

2.  For general damages as proven at time of trial;

3.  For special damages as proven at time of trial;

4.  For funeral, burial and other like expenses as proven at time of trial;

5.  For lost wages;

6.  For attorneys fees and costs as provided by law;

7.  For pre-judgment and post-judgment interest at the highest rates provided by law;

8.  For punitive damages according to proof at time of trial;

9.  For such other and further relief as the court may deem proper.

Dated this _11th_ day of July, 2005 at Juneau, Alaska.

                                        CHOATE LAW FIRM LLC


                                        By: _____
                                           Mark Clayton Choate
                                           Attorneys for Plaintiffs

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490   FAX: (907) 586-4493
email: lawyers@choatelaw.com

COMPLAINT & DEMAND FOR JURY- 7
U.S. District Court for Alaska at Juneau, No.