CHOATE LAW FIRM LLC
424 N. Franklin Street
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| CHELSEA WALKER FINK on behalf of JOSEPH KOLLANDER, a Minor Child; and THOMAS J. KOLLANDER, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> ECHO BAY EXPLORATION, INC.; COEUR D'ALENE MINES CORPORATION; and COEUR ALASKA, INC., <br><br> Defendants. | Case No. J05-00010 CV (RRB) |
| COEUR ALASKA, INC., <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> CENTENNIAL DEVELOPMENT COMPANY, <br><br> Third-Party Defendant. | |

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS & MOTION TO AMEND IF NECESSARY TO ADD <u>PERSONAL REPRESENTATIVE AS *NOMINAL PLAINTIFF*</u>**

Plaintiffs, the surviving sons of Thomas Kollander, Sr., through counsel, submit their Opposition to the defendants' Motion to Dismiss. Plaintiffs are the real parties in interest in this matter and may properly bring suit in their own names for their father's wrongful death. Alternatively, if the Court concludes that suit must be brought by a *nominal* "personal
1 of 16
*Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].*
Opposition to Motion to Dismiss
J05-00010 CV (RRB)

representative" on behalf of the Kollander siblings, Plaintiffs request leave of the court to add Decedent's personal representative as a plaintiff in this matter.

## I. RELEVANT PROCEDURAL HISTORY

On February 2, 1990, Thomas Joseph Kollander, Sr. ("Decedent") was fatally injured in an industrial mine accident at the Kensington Mine located near Juneau, Alaska. The decedent's sons, Thomas J. Kollander, Jr., who was three years old at the time of his father's death, and Joseph Kollander, who was born approximately 7 months after his father's death, brought suit against Echo Bay Exploration, Inc. ("Echo Bay"), Coeur D'Alene Mines Corporation, and Coeur Alaska, Inc. for the wrongful death of their father. Coeur Alaska Inc. filed a third-party complaint against the decedent's employer, Centennial Development Company ("Centennial") for breach of contract and contractual indemnity. Third-party Defendant Centennial has asked this court to dismiss Plaintiffs' complaint arguing that because this case "is not being pursued by a person in the capacity of the Personal Representative of Thomas J. Kollander," as a matter of law, the Complaint fails to "state a claim upon which relief may be granted." Defendants Echo Bay, Coeur D'Alene Mines Corporation and Coeur Alaska have joined in Centennial's motion. Because Plaintiffs were the decedent's minor children at the time of his death, they each have an independent cause of action for loss of parental consortium. In addition, as the only statutory beneficiaries with claims not barred by the statute of limitations, Plaintiffs are the real parties in interest in this wrongful death action. Therefore, the court should dismiss Centennial's motion. In the alternative, the Court should allow Plaintiffs leave to amend their complaint to add the decedent's personal representative as a nominal plaintiff on their behalf to pursue all claims they may have as a result of their father's wrongful death.

2 of 16
*Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].*
Opposition to Motion to Dismiss
J05-00010 CV (RRB)

## II. STANDARD FOR DISMISSAL

Motions to dismiss are viewed with disfavor and ought rarely to be granted.[1] A cause of action should not be dismissed unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief.[2] The Court should "take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the plaintiff."[3] The federal rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief."[4] Therefore, in determining the sufficiency of the stated claim it is enough that a complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action.[5]

## III. FACTS OF THE CASE

On February 2, 1990, Decedent Thomas Joseph Kollander, Sr. was fatally injured in an industrial mine accident at the Kensington Venture, an underground gold mine, located about 50 miles northwest of Juneau, Alaska. At the time of Decedent's death, he was employed as an underground raise miner by Centennial Development Company. Decedent's employer, Centennial Development was the primary contractor conducting exploration work for the mine owners, Defendants Echo Bay, Coeur D'Alene and Coeur Alaska, Inc.

---

[1] *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997); *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357, at 598 (1969)); *see also, Kollodge v. State*, 757 P.2d 1024, 1025 (Alaska 1988).

[2] *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993); *McLain v. Real Estate Bd. Of New Orleans, Inc.,* 444 U.S. 232, 246 (1980); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also, Shooshanian v. Wagner*, 672 P.2d 455, 461 (Alaska 1983).

[3] *Manshardt v. Federal Judicial Qualifications Comm.*, 408 F.3d 1154, 1156 (9th Cir. 2005); *see also, Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *see also, Dworkin v. First National Bank of Fairbanks*, 444 P.2d 777, 779 (Alaska 1968).

[4] Fed. R.Civ.P. 8(a).

[5] *See, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 167-68 (1993); *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also*, *Linck v. Barokas & Martin*, 667 P.2d 171, 172 (Alaska 1983).

3 of 16
*Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].*
Opposition to Motion to Dismiss
J05-00010 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

The Kensington Venture consisted of a large camp facility that supported two development areas—an area at 850 feet above sea level and another at 2,050 feet above sea level. Between the 850-foot and 2,050-foot levels was a 1200-foot ventilation raise. The raise was bald, and there was no way to climb it.

On February 2, 1990, Decedent was working with his supervisor, Jim Perryman at the 2,050-foot level in close proximity to the 1,200-foot open raise. Due to the natural ventilation of the mine, the 2,050-foot level was foggy with poor visibility. The ground around the raise had loose rocks causing insecure footing. Neither miner was "tied off" or harnessed to any safety devices. There were no railings or barriers installed to prevent the miners, who were working 3 to 8 feet from the edge of the open raise, from falling into the open raise. As Perryman was working, he noticed a flash of light out of the corner of his eye. When he turned to look for Decedent, he noticed that Decedent was no longer standing there. In addition, he heard rocks rolling down the raise. Perryman called out for Decedent but received no response. Perryman then ran to the mine phone and called for help, and they began a search. After Decedent could not be found, they concluded that he had fallen into the mine. The next morning, a rescue and recovery team found Decedent's body in the 1200-foot raise about 250 feet above the 850-foot level.

At the time of Decedent's death, his son, Plaintiff Thomas J. Kollander, Jr. was three years old, and Decedent's unmarried partner, Chelsea Walker-Fink (f/k/a Chelsea Jo Ann Walker) was pregnant with his youngest son, Joseph Kollander, who was born on September 11, 1990. Decedent was also survived by two daughters, Emily Kollander, born February 28, 1977, and Barbara Kollander, born May 13, 1981. Because Decedent was unmarried at the time of his death, the only statutory beneficiaries were his children. As a result of Decedent's death, his dependents suffered general damages, including but not limited to, the loss of care, comfort, affection and companionship of their father, emotional distress, pain, suffering and grief; and special damages for loss of support and lost wages. No wrongful death actions were initiated on behalf of Plaintiffs or any other statutory beneficiaries prior to the instant action.

On July 11, 2005, Plaintiffs, as Decedent's children and thus statutory dependents under Alaska's wrongful death statute, filed a complaint against Defendants, Echo Bay, Coeur

*Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].*
Opposition to Motion to Dismiss
J05-00010 CV (RRB)

D'Alene Mines Corporation and Coeur Alaska. The claims were brought by "Chelsea Walker-Fink on behalf of Joseph Kollander, a Minor Child" and Thomas J. Kollander, Jr.[6] Among Plaintiffs' allegations are the following:

- That Thomas J. Kollander, Jr. (DOB 7-17-1986) and Joseph Kollander (DOB 9-11-1990) were and are Decedent's dependents;[7]

- That Defendants Echo Bay, Coeur D'Alene Mines Corporation and Coeur Alaska owned, operated, maintained, supervised, entrusted, and otherwise controlled the Kensington Venture premises and the activities occurring thereon;[8]

- That Centennial Development Company was the primary contractor hired by Defendant Echo Bay, and which began excavation to develop the mine to a production stage in March 1989;[9]

- That a 1200-foot ventilation raise was driven on a 65-degree angle between the 850 and 2050 levels, thereby purposely and consciously creating a dangerous condition on the premises;[10]

- That the raise was open and the miners were not otherwise protected from this dangerous condition by any type of railing, fence or other barrier;[11]

- That the 2050 level, where Decedent was working was shrouded in fog, thus limiting visibility;[12]

---

[6] Complaint and Demand for Jury, Attachment A.

[7] Complaint and Demand for Jury at ¶ 1, Attachment A.

[8] Complaint and Demand for Jury at ¶¶ 5, 16, 21, 27, 28 & 29, Attachment A.

[9] Complaint and Demand for Jury at ¶ 7, Attachment A.

[10] Complaint and Demand for Jury at ¶ 9, Attachment A.

[11] Complaint and Demand for Jury at ¶ 9, Attachment A.

[12] Complaint and Demand for Jury at ¶ 10, Attachment A.

5 of 16
*Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].*
Opposition to Motion to Dismiss
J05-00010 CV (RRB)

- That subsequent to Decedent's death, Third-Party Defendant Centennial Development Company was cited for violating Mining Safety and Health Administration Standards;[13]

- That Defendants retained control over the work being performed by Centennial Development Company;[14]

- That Defendant Echo Bay retained control over the safety practices and operations conducted by Centennial Development Company;[15]

- That Defendants negligently and carelessly owned, operated, maintained, managed, and/or controlled said premises so as to expose Decedent to a dangerous condition which proximately caused Decedent's fatal injury and Plaintiffs' damages;[16] and

- That as a direct and legal result of Defendants' negligence and carelessness and Thomas Kollander Sr.'s resulting death, Plaintiffs were deprived of the care, comfort, society, companionship, affection and support of their father.[17]

On December 13, 2006, Third-Party Defendant Centennial Development Company filed the instant motion to dismiss arguing that because this case "is not being pursued by a person in the capacity of the Personal Representative of Thomas J. Kollander," as a matter of law, the Complaint fails to "state a claim upon which relief may be granted." Defendants Echo Bay, Coeur D'Alene Mines Corporation and Coeur Alaska have joined the motion.

## IV. ANALYSIS

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule

---

[13] Complaint and Demand for Jury at ¶ 22, Attachment A.

[14] Complaint and Demand for Jury at ¶ 27, Attachment A.

[15] Complaint and Demand for Jury at ¶¶ 21, 27, 28 & 29, Attachment A.

[16] Complaint and Demand for Jury at ¶¶ 16 & 29, Attachment A.

[17] Complaint and Demand for Jury at ¶¶ 17, 23 & 29, Attachment A.

6 of 16
*Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].*
Opposition to Motion to Dismiss
J05-00010 CV (RRB)

8(a)(2)."[18]  The United States Supreme Court has stated that "the Rule mean[s] what it sa[ys]."[19]  Rule 8 only requires "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[20]  In this case, Plaintiffs have brought suit against Defendants for the damages they suffered as a result of their father's fatal injury at the Kensington Venture mine site.  Defendants ask this court to dismiss the claims against them arguing that as a matter of law, the Complaint fails to "state a claim against them for which relief can be granted."  Further examination of the complaint, however, demonstrates that it more than meets the civil rules requirements for notice pleading in that it gives Defendants notice of Plaintiffs' claims and it sets forth factual allegations that support those claims.

     Plaintiffs assert that Defendants negligently and carelessly owned, operated, maintained, managed, and/or controlled the Kensington Venture mine site so as to expose Decedent to a dangerous condition which proximately caused his fatal injury and, thus, resulted in Plaintiffs' damages.  In support of their claims, they set forth a litany of factual allegations consistent with and appropriate to enforceable claims for wrongful death and loss of parental consortium.  First, they allege that at the time of Decedent's death, they were his minor children.[21]  Second, Plaintiffs allege that Defendants Echo Bay, Coeur D'Alene Mines Corporation and Coeur Alaska owned, operated, maintained, supervised, entrusted, and otherwise controlled the Kensington Venture premises and the activities occurring thereon.[22]  Third, they allege that Decedent's employer Third-Party Defendant Centennial Development Company was the primary contractor hired by Defendant Echo Bay.[23]  Fourth, Plaintiffs claim

---

[18] *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).

[19] *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993).

[20] *Leatherman*, 507 U.S. at 168.

[21] Complaint and Demand for Jury at ¶ 1, Attachment A.

[22] Complaint and Demand for Jury at ¶¶ 5, 16, 21, 27, 28 & 29, Attachment A.

[23] Complaint and Demand for Jury at ¶ 7, Attachment A.

7 of 16
*Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].*
Opposition to Motion to Dismiss
J05-00010 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

that a 1200-foot ventilation raise between the 850 and 2050 levels created a dangerous condition on the premises.[24] Specifically, they allege that the raise was open, Decedent was not otherwise protected by any type of railing, fence or other barrier, and the level, where Decedent was working was shrouded in fog with limited disability.[25] Fifth, Plaintiffs assert that subsequent to Decedent's death, Third-Party Defendant Centennial Development Company was cited for violating Mining Safety and Health Administration Standards.[26] Sixth, Plaintiffs claim that Defendants retained control over the work, safety practices, and operations conducted by Centennial Development Company.[27] Finally, Plaintiffs claim that as a result of Decedent's wrongful death, they suffered substantial damages, including but not limited to the loss of care, comfort, affection and companionship of their father, emotional distress, pain, suffering, grief, loss of support and lost wages.[28] Clearly, these facts, when taken as true, support Plaintiffs' wrongful death and loss of consortium claims against Defendants.

The question, of course, is whether Plaintiffs, as the minor children of Decedent *and* the only statutory beneficiaries with a right to bring suit, can bring suit directly as opposed to through a "nominal" personal representative. In essence, Defendants assert that *only* a decedent's personal representative *may* maintain a cause of action for losses incurred by the decedent's dependents as a result of the wrongful death. In making this assertion, Defendants rely solely on AS 09.55.580, which, states in relevant part:

> (a) Except as provided under (f) of this section and AS 09.65.145, when the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former *may* maintain an action therefor against the latter, if the former might have maintained an action, had the person lived, against the latter for an injury done by the same act or omission. The action shall be commenced within two years after the death, and the damages therein shall be the

---

[24] Complaint and Demand for Jury at ¶ 9, Attachment A.

[25] Complaint and Demand for Jury at ¶¶ 9 & 10, Attachment A.

[26] Complaint and Demand for Jury at ¶ 22, Attachment A.

[27] Complaint and Demand for Jury at ¶¶ 21, 27, 28 & 29, Attachment A.

[28] Complaint and Demand for Jury at ¶¶ 17, 23 & 29, Attachment A.

8 of 16
*Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].*
Opposition to Motion to Dismiss
J05-00010 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

damages the court or jury may consider fair and just. The amount recovered, if any, *shall be exclusively for the benefit of the decedent's spouse and children when the decedent is survived by a spouse or children, or other dependents*. When the decedent is survived by no spouse or children or other dependents, the amount recovered shall be administered as other personal property of the decedent but shall be limited to pecuniary loss. When the plaintiff prevails, the trial court shall determine the allowable costs and expenses of the action and may, in its discretion, require notice and hearing thereon. The amount recovered shall be distributed only after payment of all costs and expenses of suit and debts and expenses of administration.

(b) The damages recoverable under this section shall be limited to those which are the natural and proximate consequence of the negligent or wrongful act or omission of another.

(c) In fixing the amount of damages to be awarded under this section, the court or jury shall consider all the facts and circumstances and from them fix the award at a sum which will fairly compensate for the injury resulting from the death. In determining the amount of the award, the court or jury shall consider but is not limited to the following:

(1) deprivation of the expectation of pecuniary benefits to the beneficiary or beneficiaries, without regard to age thereof, that would have resulted from the continued life of the deceased and without regard to probable accumulations or what the deceased may have saved during the lifetime of the deceased;

(2) loss of contributions for support;

(3) loss of assistance or services irrespective of age or relationship of decedent to the beneficiary or beneficiaries;

(4) loss of consortium;

(5) loss of prospective training and education;

(6) medical and funeral expenses.[29]

The first problem with Defendants' motion to dismiss is that it focuses on the wrongful death statute and overlooks the common law origin of Plaintiffs' claims for wrongful death and

---

[29] AS 09.55.580 (emphasis added).

*Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].*
Opposition to Motion to Dismiss
J05-00010 CV (RRB)

loss of parental consortium, which are separate and independent of any statutory causes of action.[30] First, the common law has evolved to include a common law cause of action for wrongful death.[31] "Where existing law imposes a primary duty, violations of which are compensable if they cause injury, nothing in ordinary notions of justice suggests that a violation should be nonactionable simply because it was serious enough to cause death."[32] "Because the primary duty already exists, the decision whether to allow recovery for violations causing death is entirely a remedial matter."[33] In this case, Defendants breached their duty to use due care in the operation, maintenance, management, and/or control of the Kensington Venture mine site, and Plaintiffs' resulting damages, are, therefore, actionable. Plaintiffs merely seek recovery "for their total loss of one on whom they depended."[34] Second, Plaintiffs have independent causes of action for loss of parental consortium.[35] When a parent is seriously injured or deceased, "his or her child suffers a loss of enjoyment, care, guidance, love and protection, and is also deprived of a role model."[36] This loss is an injury to the rights of the

---

[30] *Moragne v. States Marine Lines*, 398 U.S. 375, 391-92 (1979) (overruling *The Tungus v. Skovgaard*, 358 U.S. 588 (1959) and *The Harrisburg*, 119 U.S. 199 (1886)); *see also, Haakanson v. Wakefield Seafoods, Inc*, 600 P.2d 1087, 1092 (Alaska 1979) (agreeing "with the spirit" of cases finding that the common law has evolved to the extent that it now includes a common law action for wrongful death and stating, "Since its inception, Alaska's civil law has included an action for wrongful death."); *see also, Truesdell v. Halliburton*, 754 P.2d 236, 242 (Alaska 1988); *Hibpshman v. Prudhoe Bay Supply, Inc.*, 734 P.2d 991, 993-94 (Alaska 1987).

[31] *Haakanson v. Wakefield Seafoods, Inc*, 600 P.2d 1087, 1092 n. 11 (Alaska 1979) ("We do not find the statute to be in derogation of the common law of Alaska because, if there were no statute, we would in all probability follow the lead of the United States Supreme Court in *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), in which it established a maritime wrongful death action, and that of the Massachusetts Supreme Court which recognized a common law right of action in construing statutory language similar to ours.")

[32] *Moragne*, 398 U.S. at 381.

[33] *Moragne*, 398 U.S. at 381.

[34] *See, Moragne*, 398 U.S. at 382.

[35] *Truesdell,* 754 P.2d at 242; *Hibpshman*, 734 P.2d at 993-94.

[36] *Hibpshman*, 734 P.2d at 994.

10 of 16
*Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].*
Opposition to Motion to Dismiss
J05-00010 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

child, for which, he or she is entitled to relief.[37] These claims are not estate claims, and there is nothing in the law that precludes the children from bringing individual claims for the personal losses they suffered as a result of their father's death.[38]

Next, Defendants' motion to dismiss is flawed because it ignores the fact that, as Decedent's minor children and thus, statutory beneficiaries under the wrongful death statute, Plaintiffs are the *real parties in interest* for Decedent's estate claims. While the personal representative is generally the party who brings suit for wrongful death, he or she is a *nominal party* only.[39] "The primary purpose of the wrongful death statute is to compensate those who suffer a direct loss."[40] "The personal representative holds any recovery as trustee for the statutory beneficiaries."[41] "When the decedent is survived by a spouse, child or dependent, the action is brought on their behalf for their direct benefit and damages are measured by their loss."[42] Thus, the Alaska wrongful death statute codifies "a cause of action *for the benefit of surviving children* who were dependent upon a deceased parent for care and support."[43] "Where a wrongful act causes the death, the wrongdoer must compensate these survivors for

---

[37] *Truesdell*, 754 P.2d at 238.

[38] *See*, *Mitchell v. Mitchell*, 655 P.2d 748, 753 n. 7 (Alaska 1982).

[39] *Haakanson v. Wakefield Seafoods, Inc*, 600 P.2d 1087, 1090 (Alaska 1979); *In re Pushruk*, 562 P.2d 329, 331 (Alaska 1977).

[40] *Haakanson*, 600 P.2d at 1090; *In re Pushruk*, 562 P.2d at 331.

[41] *Haakanson,* 600 P.2d at 1090; *Koski v. Alaska Juneau Gold Mining Co.,* 6 Alaska 334, 336 (1921).

[42] *Haakanson*, 600 P.2d at 1090; *In re Pushruk*, 562 P.2d at 331; AS 09.55.580.

[43] *Haakanson,* 600 P.2d at 1089 (emphasis added).

11 of 16
*Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].*
Opposition to Motion to Dismiss
J05-00010 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

the loss of their provider."[44]  Therefore, "[i]n a very real sense . . . it is the [Plaintiffs'] cause of action."[45]

In this case, Decedent was unmarried at the time of his death, and the only statutory beneficiaries for a wrongful death action were his minor children—whose minority disabled them from initiating suit at the time of his death.[46]  As a result of Decedent's death, Plaintiffs suffered substantial damages, including but not limited to, the loss of care, comfort, affection and companionship of their father, emotional distress, pain, suffering, grief, loss of support and lost wages.  Prior to the instant case, no wrongful death actions were initiated on behalf of Plaintiffs or any other statutory beneficiaries.  As the only beneficiaries with claims not barred by the statute of limitations, Plaintiffs' suit is proper and brought by the real parties in interest—Thomas Kollander, Jr. and Joseph Kollander, who as a minor, brought suit through his mother, Chelsea Walker-Fink.  Given the remedial purpose and consistently liberal construction of Alaska's Wrongful Death statute, it does not make sense to strictly enforce what, in this case, would amount to a clerical modification (i.e., adding "Chelsea Walker-Fink, as Decedent's Personal Representative" to the caption for this case).

Even if there is an arguable issue that Plaintiffs' claims should have been brought by a nominal personal representative, the court should construe any such procedural mechanism liberally "to ensure that no plaintiff is deprived of a hearing on the merits solely because of the intricacies and technical limitations of pleading."[47]  The correct response is simply to allow

---

[44] *Haakanson*, 600 P.2d at 1089.

[45] *Haakanson*, 600 P.2d at 1090 n. 4; *In re Soldotna Air Crash Litigation*, 835 P.2d 1215, 1220 (Alaska 1992); *In re Maldonado*, 117 P.3d 720, 724 (Alaska 2005).

[46] Under Alaska law, "the disability of a minor statutory beneficiary tolls the running of the two-year time limit for commencing a wrongful death action until the disability is concluded."  *Haakanson*, 600 P.2d at 1092.

[47] *See, Hamilton*, 915 P.2d at 1217 (stating that the Rules of Civil Procedure should be liberally construed).

12 of 16
Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].
Opposition to Motion to Dismiss
J05-00010 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

Plaintiffs to add Decedent's personal representative as a nominal plaintiff in this case.[48] This amendment would have no effect on any aspect of this suit other than to create some additional expense for Plaintiffs while they re-open Decedent's estate, have their mother, Chelsea Walker-Fink reappointed as Decedent's personal representative, and then add her as a nominal plaintiff.

Any other interpretation which would bar suit by the only interested parties because they have not brought their claims through a *nominal plaintiff* as "personal representative" unduly restricts the plaintiffs' right to recover against the named defendants. Plaintiffs' complaint presents no risk of double recovery, it does not upset any final judgments or settlements, and it does not create a risk of multiple suits grounded in the same occurrence. Moreover, denying recovery to Plaintiffs—the only statutory beneficiaries with causes of action not barred by the statute of limitations—would defeat the remedial purpose of the wrongful death statute.[49] Simply put, Alaska's wrongful death statute does not put form over substance.

## V. CONCLUSION

Defendants negligently and carelessly owned, operated, maintained, managed, and/or controlled the Kensington Venture mine site so as to expose Decedent to a dangerous condition which proximately caused his fatal injury. Plaintiffs' resulting damages are actionable, and Plaintiffs' complaint sets forth sufficient factual allegations to support their claims. Plaintiffs, as the only beneficiaries of their father's estate who may make claims at this time for his death, should be allowed to proceed with their claims as stated. In the alternative, Plaintiffs should be allowed to amend their Complaint to add a *nominal party* as decedent's personal representative to represent their interests. For all of the foregoing reasons, Plaintiffs respectfully ask the

---

[48] *Hamilton v. Blackman,* 915 P.2d 1210 (Alaska, 1996); *see also*, *Loudenslager v. Teeple*, 466 F.2d 249, 250-51 (3rd Cir. 1972) (allowing amendments to a complaint adding the representatives of the estates of deceased persons as defendants and holding that those amendments relate back to the date of the original complaint).

[49] *In re Soldotna Air Crash Litigation*, 835 P.2d at 1220; *Hanebuth v. Bell Helicopter International*, 694 P.2d 143, 145 (Alaska 1984); *Haakanson*, 600 P.2d at 1090-91; *In re Pushruk*, 562 P.2d at 331.

13 of 16
*Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].*
Opposition to Motion to Dismiss
J05-00010 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

Court to deny Defendants' Motion in full and award them full attorney fees and costs for defending this motion.

DATED this 28th day of December, 2006 at Juneau, Alaska.

Respectfully submitted,
CHOATE LAW FIRM LLC

s/*Jessica L. Srader*

_____
JESSICA L. SRADER
424 N. Franklin Street
Juneau, AK 99801
Phone: (907) 586-4490
Fax: (907) 586-6633
EM: lawyers@choatelawfirm.com
AK Bar: 0412105

Attorneys for Plaintiffs

14 of 16
*Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].*
Opposition to Motion to Dismiss
J05-00010 CV (RRB)

# PROOF OF SERVICE

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

On December 28, 2006, I served the foregoing document described as ***Plaintiffs' Opposition Motion to Dismiss,*** on the interested parties in this action by serving the original true copies, addressed as follows:

Thomas Matthews
Matthews & Zahare
Attorney For: Coeur
431 W. 7th Ave. #207
Anchorage, AK  99501
Phone: (907) 276-1516
Fax: (907) 276-8955

Cynthia Ducey
Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
Attorney For: Echo Bay
1007 West Third Ave. #400
Anchorage, AK  99501
Phone: (907) 279-3581
Fax: (907) 277-1331

Michael D. Corey
Sandberg, Wuestenfeld & Corey
Attorney For: Centennial
701 W. 8th Avenue, #1100
Anchorage, AK  99501
Phone: (907) 276-6363
Fax: (907) 276-3528

☐ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s).

☐ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

15 of 16

*Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].*
Opposition to Motion to Dismiss
J05-00010 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

1  ☒ By electronic service through the court of record's electronic service system.

2  ☐ (State) I declare under penalty of perjury under the laws of the State of Alaska
3  that the foregoing is true and correct.

4  ☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

5  Executed on December 28, 2006, at Juneau, Alaska.

7  s/*Jessica L. Srader*

8  CHOATE LAW FIRM, LLC

**CHOATE LAW FIRM LLC**
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

16 of 16
*Walker-Fink, Chelsea vs. Kensington Mine (J05-0010 CI rrb) [22882].*
Opposition to Motion to Dismiss
J05-00010 CV (RRB)