Thomas A. Matthews
Kenneth G. Schoolcraft, Jr.
Matthews & Zahare, P.C.
431 W. 7th Ave., Suite 207
Anchorage, Alaska  99501
Phone:      (907)276-1516
Fax:           (907)276-8955
tom.matthews@matthewszahare.com
ken.schoolcraft@matthewszahare.com

Counsel  for Coeur D'Alene Mines Corporation
  And Coeur Alaska, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| CHELSEA WALKER FINK on behalf of ) <br> JOSEPH KOLLANDER, a Minor Child; ) <br> And THOMAS J. KOLLANDER, JR.,    ) <br>                                                                    ) <br>                       Plaintiffs,                       ) <br>         vs.                                                     ) <br>                                                                    ) <br> ECHO BAY EXPLORATION, INC.;       ) <br> COEUR D' ALENE MINES                        ) <br> CORPORATION; and COEUR ALASKA ) <br> INC.,                                                           ) <br>                                                                    ) <br> _____Defendants._____) <br> COEUR ALASKA, INC.,                              ) <br>                                                                    ) <br>                      Third-Party Plaintiff,         ) <br>          vs.                                                    ) <br>                                                                    ) <br> CENTENNIAL DEVELOPMENT              ) <br> COMPANY,                                                  ) <br>                                                                    ) <br>                     Third-Party Defendant.      ) <br> _____) | Case No.:  J05-0010 Civil |

**COEUR ENTITIES' REPLY TO OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS**

## I. INTRODUCTION

Under governing Alaska law, the only basis for a wrongful death action is statutory and is codified in A.S. 09.55.580. Alaska has never recognized a common law wrongful death remedy and, even if it had, any common law remedy would have to give way to the Alaska legislature's statutory scheme. Under A.S. 09.55.580, which prescribes the mechanics for asserting a wrongful death claim under Alaska law, the only person who can bring a wrongful death action is the personal representative of the estate of the decedent. While the personal representative may bring the claim for the benefit of statutory beneficiaries and hold any damages awarded in trust for the beneficiaries, the statute has no provision for statutory beneficiaries to file suit and be the named plaintiffs on their own behalf.

In this action, for reasons that Plaintiffs never disclose, a personal representative of the Estate of Thomas Kollander did not file suit for the alleged wrongful death of Thomas Kollander. Rather, the Plaintiffs herein are Thomas Kollander, Jr.—decedent's adult son[1]—and Chelsea Walker Fink, the mother of Joseph Kollander, on behalf of her minor son. Plaintiffs in their Complaint do not assert that either Plaintiff is the Kollander Estate's personal representative. Plaintiffs acknowledge in their Opposition that no personal representative of the Estate currently exists.[2] Not being the personal

---

[1] Thomas Jr. is 20½ years old, having turned 18 in July 2004. *See* Plaintiffs' Complaint Para. 1.

[2] Plaintiffs, in their Opposition at 13, by stating that the Kollander Estate could be re-opened and Chelsea Walker Fink could be re-appointed personal representative,

Coeur Entities' Reply to Opp. To Mtn for Judgment on Pldgs.
*Fink and Kollander et al vs. Echo Bay Exploration, et al* J05-0010 Civil
KGS:TAM:jlw\453-249\ReplyMtnJudgement                                                                 Page 2 of 13

representative of the Kollander Estate, neither Thomas Jr. nor Ms. Walker Fink may assert claims as plaintiff under A.S. 09.55.580(a) and relief for wrongful death may not be granted to them. Accordingly, their claims should be dismissed for failing to state a claim upon which relief may be granted to them.

Plaintiffs attempt to preserve their claims by arguing that (1) there exists under Alaska law a common law wrongful death cause of action, separate from Alaska's wrongful death statute; (2) there exists under Alaska law a common law claim for loss of consortium arising from a wrongful death, separate from Alaska's wrongful death statute; and (3) Plaintiffs, not the Kollander Estate's personal representative, are the real parties in interest.[3] As discussed in greater detail below, none of these arguments has merit. Under the governing Alaska law, a wrongful death claim, including a claim for loss of parental consortium arising from a wrongful death, is solely a creature of statute. There is no Alaska common law remedy for wrongful death or loss of parental consortium damages arising from a wrongful death. In addition, under the governing Alaska statutory scheme, only the personal representative may bring a wrongful death claim. Thus, on whose behalf and for whose benefit the personal representative pursues the action and who may be the real party in interest are irrelevant. Accordingly, Plaintiffs' claims should be dismissed on the pleadings for failing to assert a claim upon which relief may be granted to them.

---

acknowledge that neither of the current plaintiffs is personal representative of the Kollander Estate and that the claims in this action have not been brought by the Kollander Estate personal representative.

Coeur Entities' Reply to Opp. To Mtn for Judgment on Pldgs.
*Fink and Kollander et al vs. Echo Bay Exploration, et al* J05-0010 Civil
KGS:TAM:jlw\453-249\ReplyMtnJudgement                                                                 Page 3 of 13

## II. ARGUMENT

### A. Alaska Law is the Governing Law

This matter is before this Court based upon diversity jurisdiction.[4] When the Court's jurisdiction is premised upon diversity, the governing substantive law is the law of the state where the Court sits.[5] Thus, the substantive law governing Plaintiffs' claim is the law of the State of Alaska.

### B. There in No Common Law Wrongful Death Action under Alaska Law

There is no merit to Plaintiffs' argument that there exists, under Alaska law, a common law wrongful death cause of action "separate and independent of any statutory" wrongful death action.[6] Plaintiffs attempt to bolster their argument for a common law wrongful death claim in Alaska by citing *Moragne v. States Marine Lines*.[7] Plaintiffs' reliance upon *Moragne* is misplaced for two reasons. First, *Moragne* was a maritime action governed by maritime law, not Alaska law. In *Moragne*, the United States Supreme Court held that <u>general maritime law</u> allowed a claim for wrongful death caused by violation of maritime duties.[8] The Court's holding had no bearing on the existence of a common law wrongful death action under Alaska law or the ability, under

---

[3] *See* Plaintiffs' Opposition at 9-12.
[4] *See* Plaintiffs' Complaint ¶ 11 ("This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1332.").
[5] *Insurance Co. of Nor. Amer. vs. Howard,* 679 F.2d 147, 149 (9th Cir. 1982); *MAPCO Alaska Petroleum, Inc. v. Central Nat. Ins. Co.*, 795 F. Supp. 941, 952 (Alaska 1991).
[6] *See* Plaintiffs' Opposition at 9-10.
[7] 398 U.S. 375 (1979); *see also* Plaintiffs' Opposition at 10 n.30.
[8] 398 U.S. at 380, 401.

Coeur Entities' Reply to Opp. To Mtn for Judgment on Pldgs.
*Fink and Kollander et al vs. Echo Bay Exploration, et al* J05-0010 Civil
KGS:TAM:jlw\453-249\ReplyMtnJudgement                                    Page 4 of 13

Alaska law, for a wrongful death action to be brought by anyone other than the personal representative of the decedent's estate.[9] As explained above in Section A *supra*, Plaintiffs' claims here are governed by Alaska law, not general maritime law.

Second, even the United States Supreme Court has held that, despite *Moragne*, when a statutory wrongful death remedy exists, it is exclusive and displaces any common law remedy. In *Mobil Oil Corp. v. Higginbotham,*[10] the Supreme Court addressed the question of whether the general maritime wrongful death remedy could supplement the federal Death on the High Seas Act (DOHSA) wrongful death remedy, when the alleged wrongful death occurred on the high seas. The Court held that it could not, stating that DOHSA

> announces Congress' considered judgment on such issues as the beneficiaries, the limitation period, contributory negligence, survival, and damages. . . . The Act does not address every issue of wrongful-death law . . . but when it does speak directly to a question, the courts are not free to "supplement" Congress' answer to thoroughly that the Act becomes meaningless.[11]

Thus, the Supreme Court has recognized that, even when a common law remedy exists, it cannot displace a statutory remedial scheme.

---

[9] In fact, courts have held that an action based upon the general maritime law wrongful death remedy may be brought only by the personal representative of the decedent. *See Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732 (5th Cir. 1978); 1 T. Schoenbaum, Admiralty & Maritime Law § 8-3, at 473 (2d ed. 1994)(hereinafter "Schoenbaum").

[10] 436 U.S. 618 (1978).

[11] 436 U.S. at 625. *See also* Schoenbaum § 8-2, at 468 ("Where it applies, in admiralty jurisdiction beyond three nautical miles offshore from the territory of the United States, DOHSA is exclusive; neither state wrongful death statutes nor the general maritime law may supplement DOSHA remedies.").

Coeur Entities' Reply to Opp. To Mtn for Judgment on Pldgs.
*Fink and Kollander et al vs. Echo Bay Exploration, et al* J05-0010 Civil
KGS:TAM:jlw\453-249\ReplyMtnJudgement                                    Page 5 of 13

Plaintiffs seek comfort from Alaska Supreme Court comments in *Haakanson v. Wakefield Seafoods, Inc.*,[12] *Truesdale v. Halliburton*,[13] and *Hibpshman v. Prudoe Bay Supply, Inc.*[14] However, neither *Truesdale* nor *Hibpshman* involved a wrongful death claim. Both cases involved injuries, not death, to a parent and a child's ability to pursue a loss of consortium claim arising from the parent's injury. In addition, neither involved the recognition of a common law remedy in the face of a statutory remedy. While *Haakanson* did involve a death claim, the Alaska Supreme Court there did not recognize the existence of a common law wrongful death remedy. Rather, it specifically stated that "an action for wrongful death is statutory," 600 P.2d at 1092, that "[t]he mechanics for enforcing [the] duty" of a wrongdoer to compensate survivors for the loss of the decedent appear in AS 09.55.580, *id.* at 1089, and that "the personal representative is <u>the</u> party who brings suit for wrongful death in Alaska," *id.* at 1090 (emphasis added). That the personal representative is the party authorized to bring suit for wrongful death is consistent with the Court's recognition, in *Matter of Prushruk's Estate*,[15] that "AS 09.55.580 authorizes <u>the personal representative</u> to bring an action against a party whose wrongful acts or omissions have caused the death of the deceased." Neither *Haakanson* nor *Prushruk* support Plaintiffs' position; rather, they

---

[12] 600 P.2d 1087, 1092 (Alaska 1979).
[13] 754 P.2d 236, 242 (Alaska 1988).
[14] 734 P.2d 991, 993-94 (Alaska 1987). *See* Plaintiffs' Opposition at 10 n.30.
[15] 562 P.2d 329, 330 (Alaska 1977) (emphasis added); *see also Estate of Maldonado*, 117 P.3d 720, 724 (Alaska 2005) ("an action for wrongful death in Alaska was created by statute and "allows an estate's personal representative to seek damages against a party whose wrongful acts or omissions caused the

Coeur Entities' Reply to Opp. To Mtn for Judgment on Pldgs.
*Fink and Kollander et al vs. Echo Bay Exploration, et al* J05-0010 Civil
KGS:TAM:jlw\453-249\ReplyMtnJudgement                                    Page 6 of 13

support dismissal of Plaintiffs' claims for failing to assert a claim upon which relief may be granted directly to the present plaintiffs.

Similar to the United States Supreme Court's holding in *Higginbotham*, under Alaska law, the courts are not free to create a common law remedy or to modify a statutory scheme when the Alaska legislature has statutorily addressed the field. A.S. 01.10.010 states, regarding applicability of the common law: "So much of the common law not inconsistent with . . . any law passed by the legislature of the State of Alaska is the rule of decision in this state." The Alaska Supreme Court has applied this statutory principle to hold that courts have power "to explicate the common law . . . unless and until the Alaska legislature acts to modify it."[16] Here, the Alaska legislature has statutorily created a scheme for addressing wrongful death. That scheme is set forth in A.S. 09.55.580 and provides for an action to be brought by the personal representative of the decedent, not by the alleged beneficiaries.[17] Since Plaintiffs here are not the personal representative of the Kollander Estate, they have no standing to bring this wrongful death action and their Complaint should be dismissed for failing to state a claim upon which relief may be granted to them.

---

decedent's death . . . .").
[16] *Surina v. Buckalew,* 629 P.2d 969, 973 (Alaska 1981). *See also Evans v. Kutch*, 56 P.3d 1046, 1056 (Alaska 2002)("the legislature does in fact have the power to alter common law remedies"); *Bauman v. Day*, 892 P.2d 817, 828 (Alaska 1995)(implicitly holding that "in the absence of a statute directing a contrary rule," courts are empowered to interpret the common law).
[17] *See* A.S. 09.55.580(a)("the personal representative of the [decedent] may maintain an action . . . .").

Coeur Entities' Reply to Opp. To Mtn for Judgment on Pldgs.
*Fink and Kollander et al vs. Echo Bay Exploration, et al* J05-0010 Civil
KGS:TAM:jlw\453-249\ReplyMtnJudgement                                            Page 7 of 13

**C. There is No Common Law Loss of Consortium Claim Arising From an Alleged Wrongful Death**

Plaintiffs attempt to support a common law loss of consortium claim for wrongful death by citation to *Hibpshman*, *Truesdell*, and *Mitchell v. Mitchell*.[18] While the Alaska Supreme Court recognized a child's loss of parental consortium claim in both *Hibpshman* and *Truesdell*, both cases involved injury to the parent, not the parent's death.[19] The issue specifically identified by the Court in *Hibpshman* and the Court's specific holding there only concerned loss of parental consortium resulting from injuries to, not the death of, a parent.[20] As discussed in the preceding section, when the Alaska legislature has provided a remedial scheme, the governing statutory remedy, not common law, governs. Here, A.S. 09.55.580(c) identifies the damages recoverable for a wrongful death governed by Alaska law and in subsection (4) specifically provides for compensation for loss of consortium. Reference to the Alaska common law loss of consortium remedy for parental injuries, therefore, provides no legal basis for Plaintiffs to bring wrongful death loss of consortium claims.

Plaintiff's citation to *Mitchell* is puzzling. While *Mitchell* did involve an alleged

---

[18] 655 P.2d 748, 753 n.7 (Alaska 1982). *See* Plaintiffs' Opposition at 10 & nn. 35-38.

[19] Plaintiffs misuses *Hibpshman* when they state, as they do in their Opposition at 10 (emphasis added): "When a parent is seriously injured <u>or deceased</u>, 'his or her child suffers a loss of enjoyment, care, guidance, love and protection, and is also deprived of a role model.'" The Court in *Hibpshman* did not state or even discuss a claim for loss of parental consortium in the context of a deceased parent, other than to note that loss of consortium is recoverable as an element of damages under A.S. 09.55.580(c)(4), Alaska's wrongful death statute. *See* 734 P.2d at 993. Plaintiffs' statement is disingenuous and misguides the Court.

Coeur Entities' Reply to Opp. To Mtn for Judgment on Pldgs.
*Fink and Kollander et al vs. Echo Bay Exploration, et al* J05-0010 Civil
KGS:TAM:jlw\453-249\ReplyMtnJudgement                                     Page 8 of 13

wrongful death, it did not specifically address loss of consortium. In addition, while Plaintiffs, in their Opposition at 11 n.38, cite *Mitchell*[21] for the proposition that "there is nothing in the law that precludes the children from bringing individual claims for the personal losses they suffered as a result of their father's death," the *Mitchell* Court in footnote 7 of its decision, specifically states that claims of beneficiaries may be asserted "once a wrongful death action is brought." Implicit in this Court's statement is the principle that beneficiary claims will be asserted in the wrongful death action properly brought by the personal representative. Finally, the holding of the *Mitchell* decision was that, after the personal representative had settled the wrongful death action, a statutory beneficiary "has no separate claim which can be prosecuted against" the released party.[22] The Court's rationale was premised, in part, on the fact that that Alaska's wrongful death statute contemplates a single action to assert claims on behalf of all beneficiaries, thus preventing a multiplicity of actions and facilitating settlement by avoiding uncertainty of unknown beneficiaries. The Court's comments and holding support Defendants' position that damages for wrongful death may be pursued only through a statutory wrongful death action brought by the personal representative, not Plaintiffs' position that, somehow, wrongful death damages may be pursued by a beneficiary outside the wrongful death statutory regime. Plaintiffs' argument that individual beneficiaries may assert their individual claims outside of Alaska's statutory

---

[20] 734 P.2d at 991, 997.
[21] 655 P.2d at 753 n.7.
[22] *Id.* at 753.

Coeur Entities' Reply to Opp. To Mtn for Judgment on Pldgs.
*Fink and Kollander et al vs. Echo Bay Exploration, et al* J05-0010 Civil
KGS:TAM:jlw\453-249\ReplyMtnJudgement                                                                Page 9 of 13

wrongful death scheme would defeat the legislative policies recognized by the Court in *Mitchell.*

### D. Plaintiffs' Argument Concerning Real Party in Interest Is a Red Herring

A.S. 09.55.580(a), in stating that "the personal representative" of a decedent may maintain a wrongful death action, specifically identifies who may file and prosecute a wrongful death lawsuit premised upon and governed by Alaska law. Although Plaintiffs are correct that the personal representative pursues the cause of action for the benefit of the statutory beneficiaries and to recover damages incurred by the statutory beneficiaries, Plaintiffs' Opposition at 11-12, it does not change the fact that, by Alaska statute, the personal representative of the Kollander Estate, not the present Plaintiffs, is the only person who can file and maintain the wrongful death action. Neither of the Plaintiffs here is the appointed personal representative of the Kollander Estate. Accordingly, relief may not be awarded directly to them; rather, it must be awarded a personal representative, who holds any monetary award in trust for the statutory beneficiaries.

Plaintiffs provide quotes from Alaska Supreme Court decisions in which the Court identified the beneficiaries as the real parties in interest or stated that it was the beneficiaries' cause of action or stated that the personal representative is only a nominal party.[23] However, in none of those cases did the Court state that the beneficiaries could bring a wrongful death claim on their own, rather than through the

---

[23] Plaintiffs' Opposition at 11-12.

Coeur Entities' Reply to Opp. To Mtn for Judgment on Pldgs.
*Fink and Kollander et al vs. Echo Bay Exploration, et al* J05-0010 Civil
KGS:TAM:jlw\453-249\ReplyMtnJudgement                                    Page 10 of 13

estate's personal representative.  Accordingly, Plaintiffs' discussion of the real party in interest is a red herring.

The Alaska legislature has spoken to the issue of who may maintain a wrongful death action governed by Alaska law and explicitly stated that person is the personal representative.  Accordingly, Plaintiffs' claims must be dismissed for failing to state a claim upon which relief may be granted to them.[24]

## III.  CONCLUSION

For the reasons stated above, Plaintiffs' claims should be dismissed for failure to state a claim which may be granted to them.  Neither plaintiff is the personal representative of the Kollander Estate, which is the only person who may assert a wrongful death claim under Alaska's governing wrongful death statute.  Contrary to Plaintiffs' argument, there is no common law claim in Alaska for wrongful death or for loss of parental consortium arising from wrongful death.  Thus, there is no common law remedy upon which Plaintiffs' claims may be premised.  Having failed to assert a

---

[24] Plaintiffs' state that their error in filing suit in their own name, rather than through a Kollander Estate personal representative, may be resolved by permitting an amendment of their Complaint to add a personal representative and that "[t]his amendment would have no effect on any aspect of this suit."  Plaintiffs' Opposition at 13.  Plaintiffs again are incorrect.  Thomas Kollander, Jr., is now 20 and ½ years old, having turned 18 in July 2004.  Given that a Kollander personal representative has not filed a wrongful death action and Thomas Jr., after he turned 18, was not precluded from seeking appointment of a personal representative (*see Haakanson,* 600 P.2d at 1089-90), any claim based upon Thomas Jr.'s potential damages would be barred by the applicable statute of limitation.  Defendant will address any Motion to Amend properly filed by Plaintiffs in due course.  See Docket No. 56, stating that Plaintiffs' Opposition incorrectly contains an opposition and motion and that the pleading will be treated solely as an opposition and instructing counsel to refile a

Coeur Entities' Reply to Opp. To Mtn for Judgment on Pldgs.
*Fink and Kollander et al vs. Echo Bay Exploration, et al* J05-0010 Civil
KGS:TAM:jlw\453-249\ReplyMtnJudgement                                                                    Page 11 of 13

wrongful death claim pursuant to the mechanics of A.S. 0955.580 and through the proper party, Plaintiffs' claims should be dismissed.

DATED this 10th day of January 2007 at Anchorage, Alaska.

        MATTHEWS & ZAHARE, P.C.
        Counsel for Defendants Coeur D' Alene Mines Corp., and Coeur Alaska, Inc.

        By _s/ Thomas A. Matthews _____
           Thomas A. Matthews, ABN: 8511179
           Matthews & Zahare, P.C.
           431 W. 7th Ave., Suite 207
           Anchorage, Alaska 99501
           Phone: (907)276-1516
           Fax: (907)276-8955
           tom.matthews@matthewszahare.com

---

motion to amend as a separate filing if necessary.

Coeur Entities' Reply to Opp. To Mtn for Judgment on Pldgs.
*Fink and Kollander et al vs. Echo Bay Exploration, et al* J05-0010 Civil
KGS:TAM:jlw\453-249\ReplyMtnJudgement    Page 12 of 13

CERTIFICATE OF SERVICE

I certify that on this 10th day of January 2007,
I sent via electronic mailing the foregoing to:

Mark Clayton Choate, Esq.
Jessica L. Srader, Esq.
Choate Law Firm LLC
424 N. Franklin Street
Juneau, AK 99801
*Counsel for Plaintiff*

Cynthia L. Ducey, Esq.
Delaney Wiles
1007 W. 3rd Ave., Suite 400
Anchorage, AK 99501
*Counsel for Defendant Echo Bay Exploration*

Michael D. Corey, Esq.
Sandberg, Wuestenfeld & Corey
701 W. 8th Ave., Suite 1100
Anchorage, AK 99501
*Counsel for Centennial Development*


s/Thomas A. Matthews_____

Coeur Entities' Reply to Opp. To Mtn for Judgment on Pldgs.
*Fink and Kollander et al vs. Echo Bay Exploration, et al* J05-0010 Civil
KGS:TAM:jlw\453-249\ReplyMtnJudgement                                      Page 13 of 13