IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHELSEA WALKER FINK, on behalf of JOSEPH KOLLANDER, a Minor Child, and THOMAS J. KOLLANDER JR., <br><br>           Plaintiffs, <br><br>vs. <br><br>ECHO BAY EXPLORATION INC.; COEUR D'ALENE MINES CORPORATION; and COEUR ALASKA INC., <br><br>           Defendants. <br>_____ <br><br>COEUR ALASKA, INC., <br><br>           Third-Party Plaintiff, <br><br>vs. <br><br>CENTENNIAL DEVELOPMENT COMPANY, <br><br>           Third-Party Defendant. | Case No. 1:05-cv-0010-RRB <br><br><br><br>**ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

I.   INTRODUCTION

   Before the Court is Third-Party Defendant Centennial Development Company ("Centennial") with a Motion for Judgment on

the Pleadings at Docket 50. Centennial argues the Complaint at Docket 1 fails to state a claim upon which relief may be granted and should therefore be dismissed.[1] In particular, Centennial contends this matter should be dismissed because it is not being pursued pursuant to Alaska's Wrongful Death Statute.[2] Plaintiffs Chelsea Walker Fink on behalf of Joseph Kollander, a minor child, and Thomas J. Kollander, Jr. (hereinafter collectively referred to as "Plaintiffs") oppose at Docket 55 and argue that Plaintiffs are the real parties-in-interest in this matter and may properly bring suit in their own names for their father's wrongful death.[3] The Court disagrees.

**II. FACTS**

"On February 2, 1990, Decedent Thomas Joseph Kollander, Sr. was fatally injured in an industrial mine accident at the Kensington Venture, an underground gold mine, located about 50 miles northwest of Juneau, Alaska."[4] As a result,

> [t]he Estate of Thomas Joseph Kollander, Sr., was opened in the Superior Court for the State of Alaska, First Judicial District at Juneau (Case No. 1JU-90-65 PR). [Plaintiff] Chelsea Jo Ann Walker (a/k/a Chelsea Walker Fink) acting as the duly appointed qualified and acting personal representative of the Estate of Thomas Joseph Kollander, Sr., participated

---

[1]   Docket 51 at 3.

[2]   Docket 57 at 2.

[3]   Docket 55 at 1.

[4]   <u>Id.</u> at 3.

    in the final account and decree of distribution of Mr. Kollander's Estate. The final disposition identifies and expressly includes [Plaintiff] Joseph Kollander and [Plaintiff] Thomas J. Kollander, Jr. as heirs of Mr. Thomas Kollander, Sr.[5]

The Estate was closed on or about December 6, 2000.[6]  "No wrongful death actions were initiated on behalf of Plaintiffs or any other statutory beneficiaries prior to the instant action."[7]

### III. STANDARD OF REVIEW

  A party is entitled to judgment on the pleadings pursuant to Rule 12(c) when "taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."[8]  The court views the alleged facts and all inferences in the light most favorable to the nonmoving party.[9]  If allegations conflict, the court accepts the nonmoving party's allegations as true.[10]  The moving party must establish beyond doubt that the nonmoving party

---

  [5] Docket 57 at 2 (citations omitted).

  [6] Id.

  [7] Docket 55 at 4. "On July 11, 2005, [P]laintiff Chelsea Walker Fink on behalf of Joseph Kollander, a minor child and Thomas J, Kollander, Jr. initiated this lawsuit seeking damages as a result of Thomas Kollander's death." Docket 51 at 2 (citation omitted).

  [8] McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996), cert. denied, 520 U.S. 1181 (1997).

  [9] 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed. 2004).

  [10] Id.

can establish no set of facts supporting its claim before the court may grant a Rule 12(c) motion.[11]

### IV. DISCUSSION

Under Alaska Stat. § 09.55.580, "which prescribes the mechanics for asserting a wrongful death claim under Alaska law, the only person who can bring a wrongful death action is the personal representative of the estate of the decedent."[12] Neither Plaintiff is the personal representative of the Kollander Estate. Consequently, "neither [Plaintiff] may assert claims . . . under [Alaska Stat. § 09.55.580(a),] and relief for wrongful death may not be granted to them."[13]

### V. CONCLUSION

Centennial's Motion for Judgment on the Pleadings at **Docket 50**, therefore, is **GRANTED**. Plaintiffs may have until

---

[11] Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd., 132 F.3d 526, 529 (9th Cir. 1997).

[12] Docket 59 at 2. See also Docket 58 at 2 (quoting Matter of Pushruk's Estate, 562 P.2d 329, 333 (Alaska 1977)(ruling the wrongful death statute must be strictly construed)(emphasis added)). Alaska Stat. § 09.55.580 provides in relevant part: "when the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the later . . . ."

[13] Id. at 3. Moreover, in order to comply with Alaska Stat. § 09.55.580(a), the Court notes Plaintiffs must petition to reopen the Kollander Estate and have a new personal representative appointed. Docket 58 at 2 ( citing Alaska Stat. § 13.16.655). Indeed, "Plaintiffs acknowledge in their Opposition that no personal representative of the Estate currently exists." Docket 59 at 2.

**February 15, 2007**, in which to file an amended complaint should they so choose.  This matter will otherwise be dismissed.

ENTERED this 12th day of January, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE